PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

DIRECT DIAL: (212) 373-3782
EMAIL: AKORBERG@PAULWEISS.COM

May 14, 2024

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street,
San Francisco, CA 94103

      Re:    *Poe, et al. v. Labrador, et al.*, No. 24-142

Dear Ms. Dwyer:

    Pursuant to Federal Rule of Appellate Procedure 28(j), Appellees advise the Court of the en banc Fourth Circuit's decision in *Kadel* v. *Folwell*, No. 22-1721, 2024 WL 1846802 (4th Cir. Apr. 29, 2024), which held that categorical exclusions of insurance coverage for gender-affirming medical care in a state health plan and a Medicaid program triggered and failed heightened scrutiny under the Equal Protection Clause. The decision addresses many arguments raised here.

    The *Kadel* court held that state bans on insurance coverage for gender-affirming medical care trigger heightened scrutiny because they classify on the basis of transgender status and sex, as whether treatment is excluded from coverage turns on "knowing [a patient's] sex assigned at birth." *Id.* at *17. In reaching that result, the court rejected arguments on which the Attorney General relies here, including that bans on gender-affirming care classify only by types of medical procedures, *id.* at *11; Appellants' Opening Br. at 20, and that heightened scrutiny does not apply to a sex-based classification that burdens men and women equally. *Kadel*, 2024 WL 1846802 at *14; Appellees' Answering Br. at 35–36. The court also rejected the argument that *Geduldig* v. *Aiello*, 417 U.S. 484 (1974) precludes heightened scrutiny because, unlike pregnancy-related care, determining "whether a treatment like . . . a testosterone supplement is prescribed in connection with a 'sex change[] or modification[]' is impossible—literally cannot be done—without inquiring into a patient's sex assigned at birth and comparing it to their gender identity." *Kadel*, 2024 WL 1846802 at *12; *see* Appellees Answering Br. at 37.

Respectfully,

*/s/ Alexia D. Korberg*

Alexia D. Korberg
Counsel for Appellees

    cc:    All counsel of record (via ACMS)