

# STATE OF IDAHO
## OFFICE OF THE ATTORNEY GENERAL
### RAÚL R. LABRADOR

June 5, 2024

**Via Electronic Filing**

Molly C. Dwyer, Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:  *Poe v. Labrador,* Case No. 24-142 Response to Notice of Supplemental Authority Pursuant to Fed. R. App. P. 28(j) and Circuit R. 28-6.

Dear Ms. Dwyer:

*Kadel v. Folwell* faulted North Carolina and West Virginia for failing to present evidence that hormones and surgery were ineffective. 100 F.4th 122, 156 (4th Cir. 2024). Given the factual record Idaho developed below, this Circuit cannot possibly make the same complaint. *See* Opening Br. 4–14 (summarizing evidence of ineffectiveness).

In fact, since briefing closed, still more legislative facts have appeared to support Idaho's law—specifically, the UK's Cass Review, which *Kadel* did not mention, reports the results of eight separate systematic reviews regarding puberty blockers and hormones' effectiveness for treating gender dysphoria in minors. *See* Dr. Hilary Cass, The Cass Review, Independent review of gender identity services for children and young people: Final report (Apr. 2024), https://perma.cc/5B27-EU66.

The Review concluded there was no proof that puberty blockers reduce gender dysphoria or improve psychological well-being. *Id.* at 32. As to hormones, the Review says "[n]o conclusions can be drawn about the[ir] effect on gender dysphoria, body satisfaction, [or] psychosocial health"; at most, there is "suggestive evidence" that hormones may improve mental health in the short term. *Id.* at 33. There is no evidence that hormones prevent suicide. *Id.*

As to the WPATH standards the district court relied on, the Cass Review scored them "poorly" with respect to "rigour of development," "applicability," and "editorial independence." *Id.* at 129–30. It noted WPATH's standards rested in part on national or regional guidelines, which themselves were based on earlier WPATH standards. *Id.* at 130. "**The circularity of this approach may explain why there has been an apparent consensus on key areas of practice despite the evidence being poor**." *Id.* (emphasis added).

*Kadel* addressed none of this and has nothing to say to a court facing these facts.

Aside from the science, *Kadel* also ignored controlling precedent requiring rational basis review. *See* Opening Br. 24–31 (applying *Dobbs*). Even if intermediate scrutiny applied, *Kadel* is inapposite because it did not involve a law exclusively regulating procedures for children and did not consider the state interest Idaho advances here: the need to protect children from unproven, experimental procedures with potentially permanent side effects.

*The body of this letter contains 349 words.*

Respectfully submitting,

Alan M. Hurst
Solicitor General
(208) 332-3548
*Counsel for Appellant Raúl Labrador*