PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING
BRUSSELS
HONG KONG
LONDON
LOS ANGELES

SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

DIRECT DIAL: (212) 373-3782
EMAIL: AKORBERG@PAULWEISS.COM

July 16, 2024

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street,
San Francisco, CA 94103

Re: *Poe* v. *Labrador*, No. 24-142

Dear Ms. Dwyer:

This letter brings to the Court's attention the Tenth Circuit's recent decision in *Fowler* v. *Stitt*, 104 F.4th 770 (10th Cir. 2024). *Fowler* held that Oklahoma's policy prohibiting sex-designation amendments to birth certificates (the "Oklahoma Policy") constituted discrimination on the basis of transgender status and sex in violation of the Equal Protection Clause. *Fowler's* reasoning supports affirmance here.

First, *Fowler* applied the Supreme Court's "commonsense" reasoning in *Bostock* v. *Clayton County*, 590 U.S. 644 (2020) to determine that Oklahoma's policy discriminated on the basis of sex. 104 F.4th at 788–794. In reaching that result, *Fowler* rejected the argument that *Bostock*'s reasoning does not apply to the Equal Protection Clause. *Id.* at 790 (rejecting contrary holdings of *L.W. ex rel. Williams* v. *Skrmetti*, 83 F.4th 460, 484–85 (6th Cir. 2023), and *Eknes-Tucker* v. *Governor of Ala.*, 80 F.4th 1205, 1228–29 (11th Cir. 2023)). As the court explained, the *Bostock* decision "did not indicate that its logic concerning the intertwined nature of transgender status and sex was confined to Title VII." *Id.*; *see* Appellees' Br. at 36, 39.

Second, *Fowler* rejected the argument, also pursued by Defendants here, Appellants' Br. at 2, 24, that a sex-based classification that burdens both men and women does not trigger heightened scrutiny, reasoning that a plaintiff could pursue an equal protection claim whenever "she, an individual, was treated differently because of her membership in a group." 104 F.4th at 791–92.

Third, *Fowler* rejected the argument, which Appellants raise here, Appellants' Br. at 27, that biological sex differences somehow insulate a policy from heightened scrutiny. 104 F.4th at 793. The court explained, "such differences exist and they may be relevant to whether state action passes judicial scrutiny. But those differences cannot render a classification sex- or gender-neutral." *Id.*

Respectfully,

*/s/ Alexia D. Korberg*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

Alexia D. Korberg
Counsel for Appellees

cc: All counsel of record (via ACMS)