

August 15, 2024

**VIA CM/ECF**

Ms. Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103

    Re:   *Poe v. Labrador*, **Case No. 24-142**

Dear Ms. Dwyer:

    The Tenth Circuit's decision in *Fowler v. Stitt*, 104 F.4th 770 (10th Cir. 2024), does not help Plaintiffs here. It involved a much different factual context—an Oklahoma policy limiting birth-certificate changes about sex to ensure record accuracy and to administer sex-separate sports teams. 104 F.4th at 777. This case, in contrast, is controlled by *Dobbs* and *Geduldig*, which upheld laws that reference and regulate specific medical procedures as part of the state's traditional power to regulate medicine. Appellant Br. 25.

    Nor should this Court apply *Fowler*'s equal-protection analysis, which the Sixth Circuit has rejected. In *Gore v. Lee*, 107 F.4th 548 (6th Cir. 2024), the Sixth Circuit upheld a policy like Oklahoma's because *Bostock's* analysis "does not apply to equal protection claims." *Id.* at 556. Tennessee's policy satisfied equal protection because, under that policy, "[n]o person, male or female, may amend a birth certificate simply because it conflicts with their gender identity." *Id.* at 556, 561. The same is true here: regardless of a child's sex, the law prohibits doctors from performing experimental medical procedures on children to treat gender dysphoria. Appellant Br. 24. The law does not categorize based on *who* seeks treatment; it weighs risks and benefits based on the *condition* treated.

    Even courts subject to *Fowler* recognize its limited reach. In *Kansas v. United States Dep't of Educ.*, No. 24-4041-JWB, 2024 WL 3273285 (D. Kan. July 2, 2024), the district court refused to apply *Fowler* to Title IX, concluding that *Fowler* did not universally define sex discrimination. *Id.* at *10. Because of Title IX's different "historical context," *id.* at *11, neither *Fowler* nor *Bostock*'s Title VII analysis

1

controlled the different Title IX context. Likewise here. This Court should not follow *Fowler*'s analysis from a different factual context but should instead apply Supreme Court precedent on medical procedures and uphold Idaho's law.

Respectfully submitted,

*/s/ John Bursch*

John Bursch
ALLIANCE DEFENDING FREEDOM
440 First Street, NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@ADFlegal

*Attorney for Appellant*

2