No. 24-142

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

PAM POE, by and through her parents and next friends PENNY and
PETER POE,

*Plaintiffs-Appellees*,

v.

RAÚL LABRADOR, in his official capacity as Attorney General of the
State of Idaho, et al.,

*Defendants-Appellant*.

---

On Appeal from the United States District Court
for the District of Idaho
No. 1:23-cv-00269-BLW

---

## PLAINTIFFS-APPELLEES' OPPOSITION TO APPELLANT'S MOTION
## TO SUPPLEMENT THE RECORD OR TAKE JUDICIAL NOTICE

---

Li Nowlin-Sohl
(admitted only in Washington)
Chase B. Strangio
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
cstrangio@aclu.org

Brad S. Karp
Alexia D. Korberg
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
bkarp@paulweiss.com
akorberg@paulweiss.com

Richard Eppink
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop

Eric Alan Stone
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0034
eric.stone@groombridgewu.com

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
801 17th St. NW, Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com

Jordan E. Orosz
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com

Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

*Attorneys for Plaintiffs-Appellees*

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................1

BACKGROUND .................................................................................2

    A.   Idaho Elected Not to Introduce Any WPATH Documents During Briefing on the Preliminary Injunction Before the District Court. ...........2

    B.   Idaho Attempted to Introduce WPATH Documents at the District Court During the Pendency of This Appeal While the District Court Proceedings Were Stayed. .............................................................5

    C.   Idaho Now Seeks to Introduce a Redacted Portion of the WPATH Documents and Other Documents that Were Apparently Unsealed in an Unrelated Case Nearly Two Months Ago, as well as Some Additional Documents From that Case. ....................................................5

LEGAL STANDARD ........................................................................8

ARGUMENT .....................................................................................10

I.    Idaho's Motion Is Untimely and Procedurally Defective. ...............10

II.   This Is Not an Extraordinary Circumstance Justifying Supplementation of the Record. ....................................................................................12

III.  Framing Idaho's Request in Terms of Judicial Notice and Legislative Facts Does Not Overcome Idaho's Failure to Establish Extraordinary Circumstances Necessary to Supplement the Record on Appeal. ..................16

IV.  Idaho Should Not be Permitted to Circumvent the Requisite Procedure for Seeking Review of the District Court's Denial of Its Motion....................19

CONCLUSION .................................................................................20

## **INTRODUCTION**

Unsatisfied with how it developed its evidence in the district court, unhappy with the district court's reasoned opinion preliminarily enjoining Idaho's H.B. 71 (the "Ban"), and with fewer than three business days until oral argument reviewing that injunction, Idaho now seeks last-ditch, extraordinary relief from this Court: it asks this Court to expand the record and consider supposedly contrary evidence that Idaho possessed but ***chose*** not to put before the district court.

Specifically, Idaho asks this Court to consider a set of cherry-picked fragments of redacted documents produced by the World Professional Association for Transgender Health ("WPATH") containing communications from individuals who worked on the development of the WPATH Standards of Care 8 ("SOC8") that (i) have been in Idaho's possession for ***over ten months***, which means Idaho had them before briefing concluded in the district court and long before it filed this appeal; (ii) Idaho had never disclosed to the Poe family prior to this motion (and these documents are just a fraction of the full set of the WPATH documents in Idaho's possession and the rest remain unseen by the Poe family); and (iii) have never been the subject of testimony, cross-examination, or review by a factfinder.

It is axiomatic that the Court of Appeals is "a court of review, not first view." *See Shirk v. U.S. ex rel. Dept. of Interior*, 773 F.3d 999, 1007 (9th Cir. 2014) (citation omitted). Yet Idaho asks this Court to conduct the first review of over 300 pages of

1

purported evidence that Idaho itself deprived the district court from considering.  It was Idaho's choice alone to withhold these documents from the Poe family and the district court.

Idaho's motion is untimely, procedurally defective, and wrong on the merits. Appellees respectfully request that the Court deny that motion.

## BACKGROUND

From Idaho's recitation of the facts, the Court might wrongly conclude that Idaho played no role in the events that led to the WPATH documents not being part of the record before the district court and on appeal.  *See* Mot. at 6.[1]  Idaho omits the full timeline of events, which is critical to understanding its current motion.

### A.    Idaho Elected Not to Introduce Any WPATH Documents During Briefing on the Preliminary Injunction Before the District Court.

The Poe family moved for a preliminary injunction on July 21, 2023, *see* 5-ER-1053 at Dkt. 32, and shortly thereafter, Idaho provided notice that it intended to issue a subpoena for documents to WPATH, *see* App.002.  This was the only subpoena Idaho issued during the lead-up to the preliminary injunction (or at any point in the district court thus far).  WPATH "commit[ted] to producing the documents" responsive to the subpoena "subject to the entry of a protective order."

---

[1] "Motion" or "Mot." refers to Appellant's Motion to Supplement the Record or Take Judicial Notice, D.I. 123-1, filed August 16, 2024 at 6:12 PM Pacific Time.

*See* S.App.0022.  Over the next several weeks, Idaho and the Poe family negotiated a proposed protective order via email.  *See id.*; *see also* S.App.0033–40.  While Idaho now says that "no protective order was ever entered," Mot. at 6, it omits that the parties' negotiation over the protective order ended on September 27, 2023, with the Poe family asking Idaho, "Will you handle filing or would you like us to?" S.App.0033.  Idaho never responded.

The next week, on October 3, 2023, Idaho received a production of documents from WPATH responsive to the subpoena.  *See* App.002; Mot. at 3.  Idaho **chose** not to notify the Poe family that WPATH had produced documents.  It **chose** not to file for a protective order.  It sat silently.

Thereafter, each party filed another brief on the Poe family's preliminary injunction motion—the Poe family filed a reply in support of their motion on October 13, *see* 5-ER-1061 at Dkt. 70, and Idaho filed a sur-reply in opposition on October 27, *see id.* Dkt. 71.  Again, Idaho said nothing about the WPATH documents—even though the WPATH SOC8 were a significant part of the briefing.

The district court heard oral argument on November 6, 2023, on Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss.  *See* 5-ER-1062 at Dkt. 75, 76.  The WPATH SOC8 were a significant part of the presentation on both sides during that argument and again, Idaho said nothing about having

received a production of documents from WPATH, and took no steps to put those documents before the district court.

The district court granted Plaintiffs' preliminary injunction motion in a written opinion and order on December 26, 2023. *See* 1-ER-014–066. On January 31, 2024, the parties agreed to the entry of a stay of proceedings in this case while Idaho's appeal was pending. *See* 5-ER-1065 at Dkt. 94. The stay was entered the same day. *Id.* At no time during the briefing, before the court's decision on the preliminary injunction motion, or before agreeing to the stay of proceedings, did Idaho notify the Poe family or the district court that it had documents it believed were relevant to the preliminary injunction motion.

It was only on March 26, 2024, that Idaho informed the Poe family (and the district court) that it had the WPATH production. *See* S.App.0030–31. Having finally revealed it had possessed these documents all along, Idaho announced that it "intend[ed] to use some of those documents in connection with a sealed motion to dissolve the preliminary injunction." *Id.*; *see also* S.App.0027. The Attorney General's office tried to explain the delay by telling counsel for the Poe family that it took them nearly six months to review the documents. S.App.0026.

**B.    Idaho Attempted to Introduce WPATH Documents at the District Court During the Pendency of This Appeal While the District Court Proceedings Were Stayed.**

Idaho asked the Poe family to consent to entry of a protective order so the state could file a motion to dissolve the preliminary injunction while the district court proceedings were stayed pending appeal.  The Poe family declined, and Idaho filed a motion asking the district court to enter the protective order.  *See* App.001–06.  The district court denied Idaho's motion on July 30, 2024, reasoning that (i) it had limited authority to consider Idaho's planned motion to dissolve the injunction during the pendency of this appeal, *see* App.012, and (ii) the applicable factors weighed against lifting the agreed-upon stay to enter a protective order, *see* App.014–17.

**C.    Idaho Now Seeks to Introduce a Redacted Portion of the WPATH Documents and Other Documents that Were Apparently Unsealed in an Unrelated Case Nearly Two Months Ago, as well as Some Additional Documents From that Case.**

After the parties briefed the state's motion to enter a protective order—but before the district court denied that motion—a small portion of the WPATH documents were made public in a case in Alabama, *Boe v. Marshall*, 2:22-cv-00184-LCB-CWB (M.D. Ala.).  S.App.0046-47; Mot. at 3.  Other documents that had been subpoenaed in the *Boe* litigation and produced by Johns Hopkins University (JHU)—documents that Idaho never even attempted to obtain here—were also made public in that case.  Having been unsuccessful in its attempt to get documents from

5

the WPATH production before the district court, Idaho has changed tack and now asks this Court to consider (1) a subset of the WPATH production that is publicly on the *Boe* docket; and (2) a single document produced by JHU that Idaho has ***never*** sought to obtain or introduce to the district court previously. Mot. at 4–6.

Idaho spends much of its motion telling this Court what is in the set of WPATH and JHU documents it seeks to introduce, but the more salient point is what is missing. First, although Idaho's Appendix calls these documents "[u]nredacted pages," *see* App. Table of Contents, even a cursory review of the documents shows that these documents are heavily redacted with full pages blacked out, *see, e.g.*, App.114–15, and many email authors and recipients redacted, *see, e.g.*, App.128–33.

Moreover, Idaho's attached documents themselves appear to be only excerpts of what is publicly available. As just one example, in the document identified as "Exhibit 176" from the *Boe* litigation, the exhibit cover page is denoted as "Page 1 of 228," App.119, but then the next page in the appendix is labeled "Page 108 of 228," App.120, which is followed by "Page 114 of 228" and "Page 115 of 228," App.121–22, and then jumps again to "Page 153 of 228," App.123. Idaho offers no explanation for how and why these page range omissions occur, as it did not even mention these omissions. Instead, Idaho states that it has attached only "the ***relevant portions*** of ***some*** of those WPATH documents that have become publicly available"

6

and "***relevant portions*** of ***some*** of those [JHU] documents," *see* Hurst Decl. (D.I. 123-2), ¶¶ 12–14 (emphases added), and apparently expects the Court and the Poe family to simply accept that representation without the context of the complete documents.

Furthermore, Idaho has indicated that the full WPATH production contained more than 100,000 pages. App.002. Accordingly, what Idaho seeks to introduce here is 225 pages (many of which are redacted) from the subset of WPATH documents on the *Boe* docket, plus another 93 pages from the JHU documents on the *Boe* docket, which Idaho ***never*** previously identified as being potentially relevant. And these constitute just a small fraction of the more than 100,000-page set of documents that neither Plaintiffs nor this Court are able to view.

Finally, there is no testimony in the record from anyone involved in the communications contained in the production regarding the authenticity, context, or meaning of these excerpts of communications, or whether (or how) any statement contained in the documents was made or considered in the process of developing SOC8. Nor was the Poe family afforded an opportunity to present testimony from appropriate fact witnesses to explain the documents and address the assumptions Idaho is making based on select fragments of the document production. Because of the unreasonably late timing of Idaho's motion, and the fact that Idaho seeks to introduce this new evidence at the appellate level rather than in the district court, the

Poe family has almost no time to review and prepare to address these documents and Idaho's arguments about them at oral argument in a few days, nor is the Poe family able to understand the full context of these documents and offer contrary evidence.

## LEGAL STANDARD

The "general rule" is that "documents not filed with the district court cannot be made part of the record on appeal." *Vargas v. Howell*, 949 F.3d 1188, 1198 (9th Cir. 2020) (citing *Rudin v. Myles*, 781 F.3d 1043, 1057 n.18 (9th Cir. 2014); Fed. R. App. P. 10(a)); *see also Barcamerica Int'l USA Tr. v. Tyfield Imps., Inc.*, 289 F.3d 589, 594 (9th Cir. 2002) ("[P]apers not filed with the district court or admitted into evidence by that court are not part of the record on appeal." (citation omitted)). "This limitation is fundamental," and "[l]itigants who disregard this process impair [the Court's] ability to perform [its] appellate function." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003).

The exceptions to this general rule are few and narrow. Idaho does not clearly identify the legal standard under which it asks this Court to grant its request, but it appears to style its motion based on two of these exceptions. *See* Mot. at Cover, 6–9. First, the Court may "exercise inherent authority to supplement the record in ***extraordinary cases***." *See Lowry*, 329 F.3d at 1024 (citing *Dickerson v. Alabama*, 667 F.2d 1364, 1366–68 & n.5 (11th Cir. 1982)) (emphasis added). This Court has repeatedly declined to supplement the record on appeal under this exception. *See,*

8

*e.g.*, *id*;  *Hornish v. King Cty.*, 899 F.3d 680, 703 (9th Cir. 2018); *Rajagopalan v. NoteWorld LLC*, 718 F.3d 844, 846, n.1 (9th Cir. 2013); *U.S. v. Boulware*, 558 F.3d 971, 975–76 (9th Cir. 2009); *Ball v. Rodgers*, 492 F.3d 1094, 1118 (9th Cir. 2007); *see also U.S. v. W.R. Grace*, 504 F.3d 745, 766 (9th Cir. 2007).

Second, the Court may take judicial notice of certain facts.  *See Lowry*, 329 F.3d at 1024 (citing Fed. R. Evid. 201(f); *EEOC v. Ratliff*, 906 F.2d 1314, 1318 n.6 (9th Cir. 1990)).[2]  Judicial notice is appropriate only for facts that are "not subject to reasonable dispute."  Fed. R. Evid. 201(b); *see also N.D. ex rel. Parents Acting as Guardians Ad Litem v. Hawaii Dep't of Educ.*, 600 F.3d 1104, 1113 n.7 (9th Cir. 2010).  "It is rarely appropriate for an appellate court to take judicial notice of facts that were not before the district court."  *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000).

Finally, the Federal Rules do provide for a means of supplementing the record on appeal, but Idaho tellingly does not cite this provision.  Federal Rule of Appellate Procedure 10(e) allows for supplementation of the record on appeal ***only*** where "anything material to either party is omitted from or misstated in the record by ***error or accident***."  Fed. R. App. P. 10(e)(2) (emphasis added).

---

[2] Idaho has captioned its motion as one seeking "Judicial Notice," *see* Mot. at Cover, but then argues that the Court should treat the WPATH documents as "legislative facts," which are explicitly not subject to judicial notice.  Fed. R. Evid. 201(a).

## **ARGUMENT**

Idaho chose not to present evidence before the district court despite having that evidence during the proceedings before the district court (and during briefing at this Court).[3]  That a subset of that same evidence—albeit riddled with redactions and devoid of context—became publicly available in another case nearly two months ago does not somehow render these documents new evidence or excuse Idaho's prior litigation decisions.  Idaho has not established any basis for the extraordinary relief it seeks, especially fewer than three business days before oral argument.

## I.     **Idaho's Motion Is Untimely and Procedurally Defective.**

Idaho has had multiple opportunities to introduce WPATH documents since Idaho received WPATH's complete production in October 2023.  Nothing required (or permitted) waiting until after the close of business the Friday before argument the following Wednesday to file this motion.  Idaho could have sought to extend the briefing schedule and postpone oral argument on the preliminary injunction motion at the district court until after both parties had the opportunity to review the documents, seek testimony on them if necessary, and incorporate them into their briefing.  Idaho could have refused to agree to a stay of the district court proceedings

---

[3] Idaho also seeks to add a document produced by JHU, which it never sought during the district court proceedings.  Idaho never explains why it did not subpoena JHU, and its failure to do so is no reason for the Court to now allow that document into the record on appeal.

pending appeal and sought expedited discovery and trial.  Even if it were appropriate to raise these documents for the first time on appeal—and it is not—Idaho could have made this motion nearly two months ago when the unsealed WPATH documents were posted on the *Boe* docket on June 24, but it waited until after briefing at this Court was complete and oral argument was less than three business days away.

Idaho did none of those things.  Instead, it waited until the eve of oral argument before this Court to dump several hundred pages of new documents—only a fraction of the total documents produced by WPATH—on this Court and on the Poe family.  Idaho never attempts to explain its delay and indeed, drafts its motion in the passive voice and omits critical dates from its telling of the facts in order to obfuscate that the crisis it manufactures for the Court today was all of its own making and entirely preventable.  *See Hornish,* 899 F.3d at 703 (denying motion to supplement the record on appeal where "Plaintiffs-Appellants were well aware that [the subject matter of the new evidence] was at issue," and "declined to obtain the additional evidence that was available to them").  Idaho should not be rewarded for its questionable litigation tactics, especially where, as here, the Poe family has no opportunity to review the full set of WPATH documents from which the selected documents were drawn or respond to the evidence Idaho now seeks to include in the record.

11

## II.    This Is Not an Extraordinary Circumstance Justifying Supplementation of the Record.

Idaho sets forth no facts or argument justifying the exceptional remedy of supplementing the record on appeal under the Court's inherent authority.  That authority is limited to "extraordinary cases," *see Lowry*, 329 F.3d at 1024, and the facts here show nothing other than a case of litigation strategy regret—not an extraordinary circumstance.

Idaho argues that "justice and efficiency" demand this Court expand the record to add these new documents.  *See* Mot. at 7.  In support of this argument, Idaho just repeats several of its merits arguments about the appropriate level of scrutiny afforded to HB71's ban on treatment and the differences between legislative and adjudicative facts for purposes of admission and appellate review.  *Id.*   In essence, Idaho suggests that its view of these contested merits issues support adding to the record on appeal.  But the merits are already being litigated on appeal; this is only a preliminary injunction with ample time for further factual development during discovery and trial.  According to Idaho, this Court should bypass judicial procedure entirely and review a severely incomplete, unauthenticated set of documents for the first time on appeal (and without the testimony of witnesses with knowledge to provide the context and significance of the documents).  Mot. at 7.  This would turn the appellate process on its head.  This Court is "a court of review, not first view." *See Shirk*, 773 F.3d at 1007 (citation omitted).  *See also infra* Section III.

12

Additionally, that the Poe family was aware that the full set of WPATH documents existed somewhere does not weigh in favor of entering a subset of them into the record now. Idaho contends that the Poe family "cannot now claim any surprise," *see* Mot. at 8, and suggests that because "Plaintiffs had notice of the materials," its motion should be granted, *see* Mot. at 7 (citing *Dickerson*, 667 F.2d at 1367–68)). Idaho omits that in *Dickerson*, the party opposing entry of new evidence was aware of ***both*** the evidence and "***its contents***." *Dickerson*, 667 F.2d at 1368 (emphasis added). Here, by contrast, the Poe family has still never seen the full set of WPATH documents, had no notice that Idaho intended to raise the smaller set of documents from the *Boe* docket until Friday, and was entirely unaware that the JHU document existed or was of interest to Idaho ***at all***.

Indeed, Idaho's attempts to otherwise shoehorn the facts of this case into the reasoning of *Dickerson* fail. *See* Mot. at 6–7. *Dickerson* relates to the denial of a petition for a writ of habeas corpus, and the evidence missing from the record in the district court and on appeal was the transcript from the Appellant's ***own*** state court trial. *See Dickerson*, 667 F.2d at 1366–68. There was no question that all parties had ample access and time to review the trial transcript, and that the district court could not have properly determined that the state appellate court's opinion was adequately supported by the record because it had not reviewed the entire record that

13

was before the state appellate court. *Id.* at 1366–67. Nothing of the sort has occurred here.

Idaho also appears to argue that the Poe family's reliance on the WPATH SOC8, and the district court's analysis of those guidelines in granting the preliminary injunction, weighs in favor of supplementing the record on appeal. *See* Mot. at 2. That is backwards. It shows only that Idaho should have developed the record ***during the preliminary injunction proceedings***. This Court's cases refusing to expand the record bolster this conclusion. In *Lowry*—the only Ninth Circuit case Idaho cites for the proposition that this Court may supplement the record on appeal—the court noted that Appellant "relied heavily" on certain holes in Appellee's arguments that Appellee then "conveniently plugged" after Appellant filed his opening brief. *See Lowry*, 329 F.3d at 1025. The court called this conduct a "particularly serious violation" of the general rule that parties should not put before the appellate court documents "that have never before seen the light of courtroom day." *Id.* As the court in *Lowry* noted, "[t]he appellate process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments." *Id.* Idaho seeks to do what *Lowry* says it cannot—introduce new (but previously available) evidence that has "never before seen the light of courtroom

14

day" to counter the arguments that were fully developed at the district court and in briefing before this Court on the eve of oral argument.[4]

Finally, Idaho's motion seems to offer a cursory and conclusory discussion of the underlying merits to argue in support of expanding the record now. *See* Mot. at 6–7 (claiming that "the proper resolution of the substantive issues" here, i.e., the merits of the appeal itself, is "beyond any doubt"). The "proper resolution" of the case supports affirming the district court's preliminary injunction, not reversal. But in any event, that is precisely the question before this Court now on appeal. It puts the cart before the horse to suggest that Idaho's view of the ultimate merits should govern whether the record is substantially expanded days before argument. To support this bizarre proposition, Idaho takes an out-of-context discussion from Dickerson to suggest that there is a merits-related test for when the Court exercises its discretion to expand the appellate record. There is no such test and no support for what Idaho claims here. If a party were entitled to create a new record before the appellate court any time it felt confident about its success on appeal, that would undermine the entire judicial process.

---

[4] Even if the documents could reasonably be considered new evidence that was not available to Idaho when the preliminary injunction motion was before the district court—and they cannot—that would not constitute extraordinary circumstances. This is an appeal of a preliminary injunction. Changes in the facts can be appropriately addressed at a trial on the merits.

Thus, no extraordinary circumstances are present here. Instead, Idaho seeks this Court's assistance to help Idaho change litigation tactics and create a new and expanded record days before oral argument on appeal. This Court has consistently refused such invitations. *See, e.g.*, *Hornish*, 899 F.3d at 703 ("Plaintiffs-Appellants . . . declined to obtain the additional evidence that was available to them. We see no reason why now they should be freed from the consequences of that strategic decision.").

## III.    Framing Idaho's Request in Terms of Judicial Notice and Legislative Facts Does Not Overcome Idaho's Failure to Establish Extraordinary Circumstances Necessary to Supplement the Record on Appeal.

"The doctrines of 'legislative facts' and 'judicial notice' are not talismans by which gaps in a litigant's evidentiary presentation before the district court may be repaired on appeal." *City of New Brunswick v. Borough of Milltown*, 686 F.2d 120, 131 n.15 (3d Cir. 1982). Yet that is exactly how Idaho treats them. Idaho invites the Court to "consider the documents [it seeks to introduce] as legislative facts," and review them as part of the record "without procedural restraint," *see* Mot. at 8–9 (emphasis added), while also using the term "judicial notice," *see id.* at Cover Page, but never actually asking the Court to take judicial notice or explaining how the documents it seeks to introduce are subject to judicial notice.

As an initial matter, internal **_documents_** that are part of a deliberative process are not "facts," legislative or otherwise.[5]   And even if they were, that would not entitle Idaho to supplement the appellate record with these new documents.  *City of New Brunswick*, 686 F.2d at 131 n.15.   Idaho recites (but then ignores) a key safeguard in courts' consideration of legislative facts:  "the opportunity to hear and be heard and exchanging briefs."  *See* Mot. at 9 (quoting Fed. R. Evid. 201, Ad. Comm. Notes on Proposed Rule).  That has not, and will not, happen here with respect to the specific documents Idaho seeks to add because of Idaho's own choice to delay until just before oral argument.  And on top of that, there are thousands of related documents, all from the same WPATH production, that the Poe family has never seen.

There is also no legal basis for the Court to take judicial notice of the documents Idaho attaches to its brief.  Rule 201 "governs judicial notice of an adjudicative fact only, not a legislative fact," Fed. R. Evid. 201(a); insofar as Idaho

---

[5] Idaho's only support for its argument that the documents are legislative facts comes from a footnote from this Court's decision in *Sachs v. Republic of Austria*, 737 F.3d 584, 597 n.10 (9th Cir. 2013) (en banc), *rev'd sub nom*. *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27 (2015), which in turn is quoting from a 1955 law review article. *See* Mot. at 8–9.  And on the substance, the Court in *Sachs* is discussing a single fact which "cannot reasonably be disputed"—a far cry from a trove of hundreds of pages of documents unmoored from their context.  *Sachs*, 737 F.3d at 597 n.10.

contends the WPATH documents are legislative facts, they are not subject to judicial notice.

In any event, the documents Idaho seeks to add fail the test for judicial notice. Idaho is not seeking judicial notice of facts that are "not subject to reasonable dispute," and the purported facts cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed .R. Evid. 201(b). Courts may take judicial notice of documents to "indicate what was in the public realm at the time, not **whether the contents of those articles were in fact true**." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (emphasis added). The fact that these documents were publicly filed on a court docket also does not make them properly subject to judicial notice. "Even if the records are filed on the public docket [of another case], we can take judicial notice only of the **filing** of the documents, and not of the truth of the documents' contents." *Hornish*, 899 F.3d at 703 (emphasis in original).

Accordingly, this Court has taken judicial notice of, for example, maps and satellite images, *see United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012); published decisions of federal administrative law judges, *see Transmission Agency of N. Cal. v. Sierra Pac. Power Co.*, 295 F.3d 918, 924 n.3 (9th Cir. 2002); and published decisions of state administrative agencies, *see Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co.*, 981 F.2d 429, 435 (9th Cir. 1992). Conversely, Idaho

seeks to introduce fragments of a 100,000-page collection of internal communications, and asks this Court to accept Idaho's factual assertions based on its own cherry-picked, out-of-context excerpts of those communications.[6]

Regardless of whether these documents are classified as "legislative facts" not subject to judicial notice or "adjudicative facts" subject to the strictures of Rule 201, Idaho has provided no basis to add its documents to the record at this late stage.

## IV. Idaho Should Not be Permitted to Circumvent the Requisite Procedure for Seeking Review of the District Court's Denial of Its Motion.

Finally, in complaining about the district court's denial of its motion to enter a protective order, Idaho essentially asks this Court to review the district court's denial of Idaho's motion to introduce WPATH documents before the district court. Idaho repeatedly references the district court's decision denying its motion to lift the stay and enter a protective order, and indeed attaches it as part of the motion appendix. *See* Mot. at 1, 6, 8; App.007–17. As with the briefing before the district court, Idaho omits that its purpose in seeking this protective order was to facilitate its ability to file a procedurally infirm motion to dissolve the preliminary injunction that the parties were in the midst of briefing before this Court. If Idaho wanted the

---

[6] One of Idaho's own experts—Dr. James Cantor—has recently testified that it is impossible to understand the meaning of a single communication without knowing the full context of the discussion. *See* S.App.0051–52 (when asked about a communication he wrote, he responded "one can't really understand this without the 20 e-mails that it was in response to."); *see also* S.App.0058–59 .

19

district court's decision reviewed, there are mechanisms for doing so—either seeking interlocutory appeal or petitioning for a writ of mandamus. *See* 28 U.S.C. §§ 1292, 1651; Fed. R. App. P. 21. Idaho has done neither and instead, seeks to bypass this process entirely by going straight to this Court with its new evidence which constitutes (1) a redacted subset of the documents it sought to introduce before the district court; and (2) a JHU document that was never mentioned to the district court.

## CONCLUSION

Idaho is unsatisfied with a strategic choice that it made in the district court and has now come running to this Court at the eleventh hour (and 59th minute) to fix its mistakes. It has not offered this Court a single reason why it did not present these documents to the district court—or at the very least months ago—let alone one that would justify the enormous prejudice to the Poe family. It seeks to avoid the fundamental premise of the adversarial litigation system that each party gets to probe the evidence, and develop and present its case with notice and an opportunity to be heard. Idaho's tactics should not be rewarded. The Poe family respectfully requests that this Court deny Idaho's motion.

Date: August 19, 2024

Respectfully submitted,

/s/ *Alexia D. Korberg*
Alexia D. Korberg

Li Nowlin-Sohl
(admitted only in Washington)
Chase B. Strangio
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
cstrangio@aclu.org

Richard Eppink
Idaho State Bar no. 7503
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop

Brad S. Karp
Alexia D. Korberg
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 6th Avenue
New York, NY 10019
Tel: (212) 373-3000
bkarp@paulweiss.com
akorberg@paulweiss.com

Jordan Orosz
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com

21

Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

Eric Alan Stone
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0034
eric.stone@groombridgewu.com

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
801 17th St NW Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com

*Attorneys for Plaintiffs-Appellees*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of 9th Cir. R. 27-1 and 32-3 because excluding parts exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f) it contains 4,987 words, which when divided by 280 does not exceed the designated page limit of 20 pages.  This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in Times New Roman 14-point font.

/s/ *Alexia D. Korberg*

Alexia D. Korberg

Counsel for Plaintiffs-Appellees

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2024, I electronically filed this Response to Plaintiffs-Appellees' Opposition To Appellant's Motion To Supplement The Record Or Take Judicial Notice with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the ACMS system, which will accomplish service on counsel for all parties through the Court's electronic filing system.


/s/ *Alexia D. Korberg*

Alexia D. Korberg

Counsel for Plaintiffs-Appellees

24