No. 24-142

---

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

PAM POE, by and through her parents and next friends PENNY and
PETER POE,

*Plaintiffs-Appellees*,

v.

RAÚL LABRADOR, in his official capacity as Attorney General of the
State of Idaho, et al.,

*Defendants-Appellant*.

---

On Appeal from the United States District Court
for the District of Idaho
No. 1:23-cv-00269-BLW

---

## SUPPLEMENTAL APPENDIX TO PLAINTIFFS-APPELLEES' OPPOSITION TO APPELLANT'S MOTION TO SUPPLEMENT THE RECORD OR TAKE JUDICIAL NOTICE

---

Li Nowlin-Sohl
(admitted only in Washington)
James D. Esseks
Chase B. Strangio
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
jesseks@aclu.org
cstrangio@aclu.org

Brad S. Karp
Alexia D. Korberg
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
bkarp@paulweiss.com
akorberg@paulweiss.com

Richard Eppink
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop


Eric Alan Stone
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
565 Fifth Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0034
eric.stone@groombridgewu.com

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
801 17th St. NW, Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com

Jordan E. Orosz
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com

Paul Carlos Southwick (ISB No. 12439)
Emily Myrei Croston (ISB No. 12389)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

*Attorneys for Plaintiffs-Appellees*

## SUPPLEMENTAL APPENDIX TABLE OF CONTENTS

| Description | Supp. App. Page No. |
|---|---|
| Plaintiffs' Opposition to Attorney General's Motion for Entry of Previously Agreed Upon Protective Order [D.I. 99] | 1 |
| Declaration of Philip S. May in Support of Plaintiffs' Opposition to Attorney General's Motion for Entry of Previously Agreed Upon Protective Order [D.I. 99-1] | 18 |
| Exhibit A Declaration of Philip S. May in Support of Plaintiffs' Opposition to Attorney General's Motion for Entry of Previously Agreed Upon Protective Order [D.I. 99-2] | 21 |
| Exhibit B to Declaration of Philip S. May in Support of Plaintiffs' Opposition to Attorney General's Motion for Entry of Previously Agreed Upon Protective Order [D.I. 99-3] | 24 |
| Exhibit C to Declaration of Philip S. May in Support of Plaintiffs' Opposition to Attorney General's Motion for Entry of Previously Agreed Upon Protective Order [D.I. 99-4] | 42 |
| Order dated June 26, 2024, *Boe v. Marshall*, 2:22-cv-00184-LCB-CWB (M.D. Ala.), D.I. 614 | 46 |
| Excerpts of July 18, 2024 Trial Transcript, *Moe v. Yost*, 24CV-2481 (Ohio Ct. C.P. Franklin Cty.) | 48 |

Li Nowlin-Sohl*
(admitted only in Washington)
Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org


Richard Eppink (ISB no. 7503)
Casey Parsons (ISB no. 11323)
David A. DeRoin (ISB no. 10404)
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop
casey@wrest.coop
david@wrest.coop

Brad S. Karp*
Alexia D. Korberg*
Jackson Yates*
Dana L. Kennedy*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
bkarp@paulweiss.com
akorberg@paulweiss.com
jyates@paulweiss.com
dkennedy@paulweiss.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs identified on
the following page*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PAM POE**, et al., | |
| *Plaintiffs,* | Case No. 1:23-cv-00269-BLW |
| v. | **PLAINTIFFS' OPPOSITION TO ATTORNEY GENERAL'S MOTION FOR ENTRY OF PREVIOUSLY AGREED UPON PROTECTIVE ORDER [DKT. NO. 95]** |
| **RAÚL LABRADOR**, et. al., | |
| *Defendants.* | |

Eric Alan Stone*
Ariella C. Barel*
Kyle Bersani*
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
565 5th Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0030
eric.stone@groombridgewu.com
ariella.barel@groombridewu.com
kyle.bersani@groombridgewu.com

Jordan Orosz*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com

Philip S. May*
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
801 17th St. NW, Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com

Paul Carlos Southwick (ISB no. 12439)
Emily Myrei Croston (ISB no. 12389)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................... 1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY ....................... 2

III.    LEGAL STANDARD .................................................................................... 4

IV.     ARGUMENT ................................................................................................ 5

        A.      No Changed Circumstances Justify Lifting the Stay ............................. 6

        B.      The Attorney General's Justification for Entering a Protective Order During the
                Pendency of the Appeal Is Erroneous .................................................... 7

        C.      There Is No Urgent Reason to Lift the Stay to Grant the Attorney General's
                Requested Relief ................................................................................. 10

V.      CONCLUSION .......................................................................................... 11

S.App.0003

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Christian v. Commw. of N. Mariana Islands*,
   No. 14-cv-00010, 2016 WL 406340 (D.N. Mar. I. Feb. 2, 2016)..........................................4, 8

*Chuman v. Wright*,
   960 F.2d 104 (9th Cir. 1992) ..............................................................................................4, 8

*CMAX Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962) ....................................................................................................4

*Coastal Corp. v. Tex. E. Corp.*,
   869 F.2d 817 (5th Cir. 1989) .....................................................................................................9

*Griggs v. Provident Consumer Disc. Co.*,
   459 U.S. 56 (1982) ....................................................................................................................8

*Hopkins v. Andaya*,
   958 F.2d 881 (9th Cir. 1992), *overruled on other grounds as stated in*
   *Federman v. County of Kern*, 61 F. App'x 438 (9th Cir. 2003) ...............................................7

*Johnson v. Inos*,
   619 F. App'x 651 (9th Cir. 2015) (mem.).................................................................................4

*Labrador v. Poe*,
   No. 23A763, 601 U.S. ---, 2024 WL 1625724 (Apr. 15, 2024) (mem.)...................................6

*McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*,
   686 F.2d 731 (9th Cir. 1982) .....................................................................................................8

*Nat. Res. Def. Council v. Sw. Marine Inc.*,
   242 F.3d 1163 (9th Cir. 2001) ...............................................................................................8, 9

*Poe v. Labrador*,
   No. 24-142 (9th. Cir.) ...............................................................................................................10

*Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*,
   204 F.3d 867 (9th Cir. 2000) ...............................................................................................9, 10

*Pueblo of Pojoaque v. State*,
   233 F. Supp. 3d 1021 (D.N.M. 2017) ......................................................................................10

*Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) .......................................................................................................7

ii

*Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200*,
611 F.3d 483 (9th Cir. 2010) ...........................................................................8, 9

*Tugaw Ranches, LLC v. U.S. Dep't of Interior*,
No. 18-cv-159-DCN, 2020 WL 61282 (D. Idaho Jan. 6, 2020) ........................................4, 5, 6

**Other Authorities**

9th Cir. R. 3-3 ...........................................................................................11

9th Cir. R. 34-3 ..........................................................................................11

Fed. R. Civ. P. 62 .........................................................................................8

Fed. R. Civ. P. 62(c) ....................................................................................8, 9

Fed. R. Civ. P. 62(d) ..............................................................................5, 7, 8, 9

S.App.0005

## I.    INTRODUCTION

Plaintiffs oppose the Attorney General's motion to enter a protective order while the case is stayed and the preliminary injunction is on appeal at the Ninth Circuit.  The Attorney General's motion fails to engage with the legal standard for lifting a stay, fails to show changed circumstances, fails to identify a valid reason to enter a protective order during the pendency of his appeal, and fails to show any urgency to justify entering the protective order at this time.

The Attorney General's motion for a protective order, which highlights for the Court that he will be filing a "motion to dissolve" the preliminary injunction, *see* Dkt. 95 at 3, foreshadows an attempt to improperly inject into the record confidential material from the World Professional Association for Transgender Health, Inc. ("WPATH") that was known to the Attorney General during the briefing and argument regarding Plaintiffs' preliminary injunction motion.  The Court's limited authority to modify an injunction that is the subject of an appeal does not allow for a motion to dissolve or vacate that injunction.  And it is abundantly clear that no urgency exists here; the Attorney General has had this evidence for *six months* and has only recently advised this Court and Plaintiffs' counsel that he had received documents from WPATH, despite prior representations that no documents would be produced by WPATH *until* a protective order was in place.

Simply put, the Attorney General, having received documents in response to a subpoena, chose to conceal that he had received the evidence and chose not to timely offer that evidence when opposing Plaintiffs' preliminary injunction motion last fall.  The Attorney General cannot now transform this six-month-old production into "new evidence" to justify lifting the stay, entering a protective order, and filing an impermissible "motion to dissolve" the preliminary injunction that is the subject of his appeal.  The parties can address any issues regarding a protective order and further issues related to fact discovery after the Ninth Circuit rules on the Attorney General's appeal and issues its mandate.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The timeline of the events leading to the Attorney General's receipt of documents from WPATH and the briefing on Plaintiffs' preliminary injunction motion are critical to a full understanding of the Attorney General's motion.

Plaintiffs moved for a preliminary injunction on July 21, 2023, *see* Dkt. 32, pursuant to an agreed-upon briefing schedule, *see* Dkt. 27.   Shortly thereafter, the Attorney General notified Plaintiffs that he would be issuing a subpoena for documents to WPATH, with a date of compliance of August 14, 2023.  *See* Dkt. 95-3.  The day after the date of compliance, the Attorney General notified Plaintiffs that WPATH had "commit[ted] to producing the documents" responsive to the subpoena "***subject to the entry of a protective order***."  Ex. A at 1 (8/15/23 email L. Wilson to L. Nowlin-Sohl) (emphasis added).[1]  Accordingly, the Attorney General asked Plaintiffs to consent to the entry of a protective order, and Plaintiffs provided a proposed markup of the order. *See id.* (8/19/23 email A. Korberg to L. Wilson).   The Attorney General did not respond to Plaintiffs' revisions for several weeks, finally responding only after he filed his opposition to Plaintiffs' preliminary injunction motion.

After admitting that the Attorney General's office had gotten "crossed wires" on the issue, the Attorney General resumed negotiations on the form of a protective order.  *See* Ex. B at 14 (9/7/23 email L. Wilson to P. May).  Those conversations continued for several weeks, *see id.* at 9–14 (various emails), and after agreeing to the form of a protective order on September 27, 2023, Plaintiffs asked the Attorney General: "Will you handle filing or would you like us to?"  *Id.* at 9 (9/27/23 email P. May to L. Wilson).  The Attorney General never responded.

---

[1] "Ex. __" refers to exhibits attached to the Declaration of Philip S. May in Support of Plaintiffs' Opposition to Attorney General's Motion for Entry of Previously Agreed Upon Protective Order, submitted herewith.

2

Unbeknownst to Plaintiffs, on October 3, 2023, the Attorney General received production of documents from WPATH responsive to the subpoena.  *See* Dkt. 95 at 2.  On October 3, 2023, the parties were still actively briefing Plaintiffs' preliminary injunction motion and a hearing on the motion was still over a month away.  Plaintiffs filed a reply in support of their motion on October 13, *see* Dkt. 70, the Attorney General filed a sur-reply in opposition to Plaintiffs' motion on October 27, *see* Dkt. 71, and the Court heard oral argument on both Plaintiffs' motion and the Attorney General's own motion to dismiss based on Eleventh Amendment sovereign immunity on November 6, *see* Dkt. 75, 76.  The Court granted Plaintiffs' preliminary injunction motion and denied the Attorney General's motion to dismiss in a written opinion and order on December 26, 2023.  *See* Dkt. 78.  At no point while the motions were being briefed, argued, or considered by the Court did the Attorney General advise either the Court or Plaintiffs that the Attorney General had received evidence that he believed would bear on Plaintiffs' motion.

Indeed, Plaintiffs did not find out about this production until almost six months later on March 26, 2024.  *See* Ex. B at 6–7 (3/26/24 email R. Droz to P. May).  It was only when the Attorney General—seemingly out of nowhere—requested that the parties agree to enter a protective order that the Attorney General finally informed Plaintiffs that WPATH made a production and advised that he "intend[ed] to use some of those documents in connection with a sealed motion to dissolve the preliminary injunction."  *Id.*  But even though the Attorney General received these documents without a protective order in place, the Attorney General refused—and continues to refuse—to produce any of the documents from WPATH without this Court entering a protective order.  *See id.* at 5 (3/26/24 email R. Droz to P. May).  It was only after several further inquiries and a meet-and-confer that the Attorney General even confirmed to Plaintiffs that the WPATH documents had been produced back on October 3, 2023.  *See id.* at 3 (3/27/24 email J.

3

Craig to P. May).  His office told Plaintiffs' counsel that it took them nearly six months just to review all of these documents, all while Plaintiffs' counsel did not even know they existed.  *Id.* at 2 (3/28/24 email P. May to J. Craig).

After the Court granted Plaintiffs' motion for a preliminary injunction and denied the Attorney General's motion to dismiss, the Attorney General noticed an appeal of both decisions, *see* Dkt. 79, and moved on an emergency basis to stay the injunction pending appeal, *see* Dkt. 80. In the Attorney General's supporting memorandum for the emergency stay, he told the Court that "[t]he appeal of the Court's decision regarding the Eleventh Amendment immunity issue divests this Court of authority to conduct further proceedings."  Dkt. 80-1 at 2 (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), and *Christian v. Commw. of N. Mariana Islands*, No. 14-cv-00010, 2016 WL 406340, at *2 (D.N. Mar. I. Feb. 2, 2016)).  The Court denied this motion. Dkt. 88.  The other principal defendant in this action, the Ada County Prosecuting Attorney, did not notice an appeal.  On January 31, 2024, Plaintiffs, the Attorney General, and the Ada County Prosecuting Attorney all agreed to the entry of a stay of proceedings in this case while the Attorney General's appeal was pending, long after the Attorney General had received the WPATH documents.  *See* Dkt. 94.

## III.    LEGAL STANDARD

"In imposing or lifting a stay, courts weigh the 'hardship or inequity' to the parties and 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"  *Tugaw Ranches, LLC v. U.S. Dep't of Interior*, No. 18-cv-159-DCN, 2020 WL 61282, at *1 (D. Idaho Jan. 6, 2020) (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  Further, it is appropriate for the Court to require a showing of "changed circumstances" as a prerequisite for lifting the stay.  *See Johnson v. Inos*, 619 F. App'x 651 (9th Cir. 2015) (mem.).

4

## IV.    ARGUMENT

The Attorney General fails to identify the legal standard that would allow the Court to lift the stay here, let alone attempt to meet that standard.  And whatever justification the Attorney General does offer is utterly insufficient under the law.

No changed circumstances justify lifting the stay to allow the Attorney General's motion. Further, the Attorney General's proffered justification of needing the protective order in order to file a "motion to dissolve" pursuant to Rule 62(d) is erroneous, *see* Dkt. 95 at 3, as a motion to dissolve the preliminary injunction is not permitted under Rule 62(d) while that preliminary injunction is on appeal.  What the Attorney General is really doing is surreptitiously attempting to improperly expand the scope of the trial court record while there is a pending appeal of the preliminary injunction.  Lifting the stay now to permit for the entry of a protective order to facilitate briefing on a procedurally impermissible motion, injecting an untold number of documents—that Plaintiffs have yet to see but that counsel for the Attorney General said took them nearly six months to review, *see* Ex. B at 2 (3/28/24 email P. May to J. Craig)—would disrupt "the orderly course of justice."  *Tugaw Ranches*, 2020 WL 61282, at *1.

The Court should deny the motion and wait to entertain the Attorney General's motion until after the Ninth Circuit issues its mandate on his appeal.  Once the appeal of the *preliminary* injunction is resolved, the parties can proceed with full discovery and ultimately a trial on the merits where all of the Attorney General's defenses to Plaintiffs' claims can be fully explored and adjudicated.

### A.    No Changed Circumstances Justify Lifting the Stay

As relevant to the Attorney General's motion, the facts of this case are today as they were when the Court ordered a preliminary injunction.[2]  "The purpose of the stay in this case has yet to be accomplished.  No circumstances have changed."  *Tugaw Ranches*, 2020 WL 61282, at *1.  As detailed above, the evidence from WPATH that the Attorney General references in his motion has been in the Attorney General's possession ***since October 3, 2023***—nearly six months before the Attorney General reached out to Plaintiffs about the present motion, three weeks before the Attorney General submitted his final brief regarding Plaintiffs' preliminary injunction motion, and more than a month before the Court held a hearing on the then-pending motions.  The Attorney General's decision to suddenly inform Plaintiffs and the Court of the evidence is not a changed circumstance that can justify lifting the stay.

If the Attorney General truly believed that the evidence from WPATH was of such importance and gravity that it justifies dissolution of this Court's preliminary injunction order before a reviewing court has had the opportunity to weigh in, the Attorney General should have notified both this Court and Plaintiffs' counsel when the evidence was first received.  Instead, the Attorney General sat on the evidence for six months, only to then inform Plaintiffs that he intended to "use some of [the WPATH documents] in connection with a sealed motion to dissolve the preliminary injunction."  Ex. B at 6 (3/26/23 email R. Droz to P. May).

---

[2] The Supreme Court recently issued an order narrowing the injunction to just the named plaintiffs.  *See Labrador v. Poe*, No. 23A763, 601 U.S. ---, 2024 WL 1625724 (Apr. 15, 2024) (mem.).  That order does not constitute a changed circumstance for the purposes of the Attorney General's forthcoming motion, which seeks to lift the stay in order to file a motion to dissolve the preliminary injunction that currently protects Plaintiffs.  Plaintiffs reserve all rights to argue that the Supreme Court's order may constitute a changed circumstance for purposes other than lifting the stay in order to permit the filing of a motion to dissolve the injunction.

This is hardly "new evidence" as the Attorney General has contended. *See* Ex. C at 2 (4/3/24 email J. Craig to M. Smith). "[T]he failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Hopkins v. Andaya*, 958 F.2d 881, 887 n.5 (9th Cir. 1992) ("A defeated litigant cannot set aside a judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court."), *overruled on other grounds as stated in Federman v. County of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003).

In short, the only developments since the entry of the stay are (1) the Attorney General has had ***more*** time to review the documents it received from WPATH, and (2) the Attorney General has finally informed Plaintiffs' counsel and the Court that it received documents from WPATH. Neither constitutes a changed circumstance, and neither justifies lifting the stay. Absent this preliminary showing, the Court should deny the motion to enter a protective order while the case is stayed.

**B.    The Attorney General's Justification for Entering a Protective Order During the Pendency of the Appeal Is Erroneous**

The Attorney General justifies needing a protective order right now on the basis that he "intends to file a motion with the Court under Fed. R. Civ. P. 62(d) to dissolve the preliminary injunction" and will be relying on the WPATH documents. Dkt. 95 at 3. However, there is no such motion allowed under Rule 62(d) given that jurisdiction over the preliminary injunction has passed to the Court of Appeals by the nature of the Attorney General's appeal. Instead, it seems that the Attorney General would use this procedurally infirm motion to bring the WPATH documents into the trial court record now during the pendency of his appeal of the preliminary

injunction.  Moreover, the WPATH documents can hardly be considered "new evidence" when they have been in the Attorney General's possession for more than six months, as detailed above.

*First*, it is beyond dispute that the Attorney General's appeal has divested this court of jurisdiction for matters that are on appeal.  "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam); *see also Small v. Operative Plasterers' & Cement Masons' Int'l Ass'n Loc. 200*, 611 F.3d 483, 495 (9th Cir. 2010).[3]

*Second*, the Attorney General's contemplated motion is procedurally infirm.  Although Rule 62(d)[4] presents an exception to the general rule divesting the district court of jurisdiction over matters on appeal, it is limited: "[t]he district court retains jurisdiction during the pendency of an appeal to act to **preserve the status quo**."  *Nat. Res. Def. Council v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001) (citations omitted) (emphasis added).  As the Ninth Circuit has held, Rule 62(d) "grants the district court no broader power than it has always inherently possessed to preserve the status quo during the pendency of an appeal; it 'does not restore jurisdiction to the district court to adjudicate anew the merits of the case.'"  *Id.* (quoting *McClatchy Newspapers v. Cent. Valley Typographical Union No. 46*, 686 F.2d 731, 734 (9th Cir. 1982)).  The court further

---

[3] In addition, the Attorney General noticed an appeal of the Court's denial of his motion to dismiss based on Eleventh Amendment sovereign immunity, Dkt. 79, and argued that an interlocutory appeal dealing with Eleventh Amendment sovereign immunity "divests this Court of authority to conduct further proceedings."  Dkt. 80-1 at 2 (citing *Chuman*, 960 F.2d at 105; *Christian*, 2016 WL 406340, at *2).  Although the Attorney General's argument with respect to the Eleventh Amendment and its effect on this Court's jurisdiction is undermined by the fact that he makes no mention of the Eleventh Amendment or sovereign immunity in any of his briefs on appeal, he fails to address—let alone reconcile—this alleged divestment of jurisdiction with his current motion.

[4] The provisions of Rule 62(d) were identified as Rule 62(c) prior to a 2018 reorganization of the Rule.  *See* Fed. R. Civ. P. 62, Committee Notes to 2018 Amendment.  References in case law prior to 2018 to Rule 62(c) apply now to Rule 62(d).

cautioned that "any action taken pursuant to Rule 62(c) may not materially alter the status of the case on appeal." *Id.* (internal quotation marks and citation omitted); *see also Small*, 611 F.3d at 495. And the law is clear that the relevant "status quo" is the status quo *at the time of the appeal*. *See, e.g.*, *Small*, 611 F.3d at 495 (reversing a modification to a preliminary injunction that expanded the rights of the appellant during the appeal); *Sw. Marine*, 242 F.3d at 1166–67, 1169 (affirming a modification to an injunction that preserved "[t]he status quo as of the filing of [appellant]'s consolidated appeal" where the modifications clarified the injunction and "did not materially alter the status of the consolidated appeal").

Yet this is precisely what the Attorney General indicates he will be doing—asking this Court to "adjudicate anew the merits" of the preliminary injunction and thus "materially alter the status of the case on appeal." Nothing could more materially alter the status of the appeal at the Ninth Circuit than a dissolution of the preliminary injunction being appealed. *See Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 880 (9th Cir. 2000) (affirming "the district court's decision that it lacked jurisdiction to consider [appellant's] motion to vacate the preliminary injunction").

*Finally*, Rule 62(d) does not allow for a motion to "dissolve" an injunction. Rule 62(d) gives the court the limited authority to "***suspend, modify, restore, or grant***" an injunction while there is an appeal from "an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction." *See* Fed. R. Civ. P. 62(d) (emphasis added). The use of "'suspend' rather than 'dissolve'" with respect to the Court's authority to modify an injunction pending appeal speaks volumes, as "[t]he drafters were obviously aware of the distinction between a suspension and a dissolution, as they had spoken to dissolutions just one line before." *Coastal Corp. v. Tex. E. Corp.*, 869 F.2d 817, 819 (5th Cir. 1989) (cited with

approval in *Prudential Real Estate*, 204 F.3d at 880); *see also Pueblo of Pojoaque v. State*, 233 F. Supp. 3d 1021, 1091 (D.N.M. 2017) ("[T]he pendency of an interlocutory appeal from a PI divests the court of its jurisdiction to vacate or dissolve the injunction.").  And even if this motion were somehow permitted, the Attorney General has no basis for moving to dissolve the injunction based on "new evidence" for the reasons discussed above.  *See* Section IV.A, *supra*.

Lifting the stay now to enter a protective order to facilitate the Attorney General filing this procedurally impermissible motion would not promote the orderly course of justice in terms of simplifying the issues.  Instead, it would just allow the Attorney General to file his motion with a large volume of sealed materials attached to relitigate the preliminary injunction while his appeal remains pending at the Ninth Circuit.

### C.    There Is No Urgent Reason to Lift the Stay to Grant the Attorney General's Requested Relief

Finally, despite the breathless nature of the Attorney General's motion, there is no urgency to enter this protective order, which this Court has already recognized in denying the Attorney General's embedded request to expedite briefing.  *See* Dkt. 97 at 2 ("Nothing persuades the Court that this is an urgent matter.").  The Attorney General's purported basis for urgency during the parties' meet-and-confer was that the Attorney General wants to enforce H.B. 71.  This, however, has been the Attorney General's position since the outset of this litigation and does not provide any new basis for urgency now.

As explained above, the Attorney General has had the WPATH documents for more than six months at this point.  The parties have fully briefed the Attorney General's appeal at the Ninth Circuit and should have an answer on the appeal in a matter of months.  The appeal is slated to be set for oral argument in either July or August 2024.  *See* Ex. D (*Poe v. Labrador*, No. 24-142 (9th. Cir.) docket) at Dkt. 53.  And the Ninth Circuit rules give priority to appeals of preliminary

injunctions. *See* 9th Cir. R. 3-3, 34-3. The parties should await the mandate and return of jurisdiction to this Court before proceeding further.

## V.    CONCLUSION

The Attorney General fails to meet the standard to justify lifting the stay in this case to enter a protective order. Plaintiffs respectfully request that the Court deny the motion without prejudice to be entertained once the Ninth Circuit has issued its mandate on the Attorney General's appeal.

Dated April 19, 2024                         Respectfully submitted,

                                             */s/ Richard Eppink*
                                             Richard Eppink

Li Nowlin-Sohl                               Brad S. Karp
(admitted only in Washington)                Alexia D. Korberg
Leslie Cooper                                Jackson Yates
AMERICAN CIVIL LIBERTIES UNION               Dana L. Kennedy
FOUNDATION                                   PAUL, WEISS, RIFKIND, WHARTON &
125 Broad St.                                GARRISON LLP
New York, NY 10004                           1285 Avenue of the Americas
Tel: (212) 549-2584                          New York, NY 10019
lnowlin-sohl@aclu.org                        Tel: (212) 373-3000
lcooper@aclu.org                             bkarp@paulweiss.com
                                             akorberg@paulweiss.com
                                             jyates@paulweiss.com
Richard Eppink (ISB no. 7503)                dkennedy@paulweiss.com
Casey Parsons (ISB no. 11323)
David A. DeRoin (ISB no. 10404)              Jordan Orosz
WREST COLLECTIVE                             PAUL, WEISS, RIFKIND, WHARTON &
812 W. Franklin St.                          GARRISON LLP
Boise, ID 83702                              2001 K Street, NW
Tel: (208) 742-6789                          Washington, DC 20006-1047
ritchie@wrest.coop                           Tel: (202) 223-7300
casey@wrest.coop                             jorosz@paulweiss.com
david@wrest.coop

Eric Alan Stone
Ariella C. Barel
Kyle Bersani
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
565 5th Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0030
eric.stone@groombridgewu.com
ariella.barel@groombridgewu.com
kyle.bersani@groombridgewu.com

Philip S. May
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
801 17th St. NW, Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com

Paul Carlos Southwick (ISB no. 12439)
Emily Myrei Croston (ISB no. 12389)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

*Attorneys for Plaintiffs*

Li Nowlin-Sohl*
(admitted only in Washington)
Leslie Cooper*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St.
New York, NY 10004
Tel: (212) 549-2584
lnowlin-sohl@aclu.org
lcooper@aclu.org


Richard Eppink (ISB no. 7503)
Casey Parsons (ISB no. 11323)
David A. DeRoin (ISB no. 10404)
WREST COLLECTIVE
812 W. Franklin St.
Boise, ID 83702
Tel: (208) 742-6789
ritchie@wrest.coop
casey@wrest.coop
david@wrest.coop

Brad S. Karp*
Alexia D. Korberg*
Jackson Yates*
Dana L. Kennedy*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel: (212) 373-3000
bkarp@paulweiss.com
akorberg@paulweiss.com
jyates@paulweiss.com
dkennedy@paulweiss.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

*Additional counsel for Plaintiffs identified on
the following page*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **PAM POE**, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>**RAÚL LABRADOR**, et. al.,<br><br>*Defendants*. | Case No. 1:23-cv-00269-BLW<br><br>**DECLARATION OF PHILIP S. MAY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO ATTORNEY GENERAL'S MOTION FOR ENTRY OF PREVIOUSLY AGREED UPON PROTECTIVE ORDER** |

Eric Alan Stone*
Ariella C. Barel*
Kyle Bersani*
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
565 5th Avenue, Suite 2900
New York, NY 10017
Tel: (332) 269-0030
eric.stone@groombridgewu.com
ariella.barel@groombridgewu.com
kyle.bersani@groombridgewu.com

Philip S. May*
GROOMBRIDGE, WU, BAUGHMAN AND
STONE LLP
801 17th St. NW, Suite 1050
Washington, DC 20006
Tel: (202) 505-5830
philip.may@groombridgewu.com

Jordan Orosz*
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
jorosz@paulweiss.com

Paul Carlos Southwick (ISB no. 12439)
Emily Myrei Croston (ISB no. 12389)
ACLU OF IDAHO FOUNDATION
P.O. Box 1897
Boise, ID 83701
Tel: (208) 344-9750
psouthwick@acluidaho.org
ecroston@acluidaho.org

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

I, Philip S. May, hereby declare as follows:

1.      I am an attorney with the law firm Groombridge, Wu, Baughman and Stone LLP, counsel of record for Plaintiffs Pam Poe, Penny Poe, Peter Poe, Jane Doe, Joan Doe, and John Doe.  I am attorney-at-law in good standing in the District of Columbia, the State of New York, and the State of New Jersey and have been admitted *pro hac vice* in this Court for this action.  The following is true of my own personal knowledge, and, if called as a witness, I would and could testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of an excerpt of an email chain with a last email dated Saturday, August 19, 2023, among counsel for the parties in this litigation.

3.      Attached hereto as Exhibit B is a true and correct copy of an email chain with a last email dated Friday, March 29, 2024, among counsel for the parties in this litigation.

4.      Attached hereto as Exhibit C is a true and correct copy of an email chain with a last email dated Wednesday, April 3, 2024, among counsel for the parties in this litigation and the Court.

5.       Attached hereto as Exhibit D is a true and correct copy of an excerpt of the docket sheet for *Poe v. Labrador*, No. 24-142 (9th Cir.), as obtained from the court's electronic filing system on April 19, 2024.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 19th day of April, 2024, in Washington, DC.

s/ Philip S. May
Philip S. May, Esq.
Counsel for Plaintiffs

S.App.0020

# EXHIBIT A

| | |
|---|---|
| **From:** | Korberg, Alexia D |
| **To:** | Lincoln Wilson; lnowlin-sohl@aclu.org; ritchie@wrest.coop; Heather McCarthy; Josh Turner; dreed@adacounty.id.gov |
| **Cc:** | Eric Stone; LCOOPER@aclu.org |
| **Subject:** | RE: Draft Stipulation and Proposed Order |
| **Date:** | Saturday, August 19, 2023 5:50:20 PM |
| **Attachments:** | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |
| | image013.png |
| | image014.png |
| | image015.png |
| | Poe v Labrador -- Protective Order_DRAFT 8-17.docx |

Hi Lincoln,

Given the sensitive nature of some of the documents that may be produced in this case, we would like to add a highly confidential designation.  See attached for a proposed markup to the model order that does that.

Best,

Alexia

**Alexia D. Korberg** | Partner (Bio)
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
212 373 3782 (Direct Phone) | 212 492 0782 (Direct Fax)
akorberg@paulweiss.com | www.paulweiss.com
*Pronouns: They/Them*

---

**From:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>
**Sent:** Tuesday, August 15, 2023 9:01 AM
**To:** lnowlin-sohl@aclu.org; ritchie@wrest.coop; Heather McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>; dreed@adacounty.id.gov
**Cc:** eric.stone@groombridgewu.com; Korberg, Alexia D <akorberg@paulweiss.com>; LCOOPER@aclu.org
**Subject:** RE: Draft Stipulation and Proposed Order

Hi Li,

We received responses and objections to our subpoena from WPATH that commit to producing the documents they produced in the Alabama litigation subject to entry of a protective order. To get that process going, I wanted to see if you had any objections to the District of Idaho's model protective order, which I've attached here. Subject to any edits you have, we can get this submitted to the Court for entry to facilitate production.

Thanks very much,



**Lincoln Davis Wilson | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-809-1077 | W: ag.idaho.gov

---

**From:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>
**Sent:** Friday, August 11, 2023 1:58 PM
**To:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>; External- Ritchie Eppink <ritchie@wrest.coop>;
Heather McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>;
dreed@adacounty.id.gov
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D' <akorberg@paulweiss.com>;
Leslie Cooper <LCOOPER@aclu.org>
**Subject:** RE: Draft Stipulation and Proposed Order

Lincoln,
Sorry about that oversight on our part. We are working to get an errata on file that includes the CVs,
but may not be able to complete it until next week. In the meantime, attached are the CVs of Dr.
Connelly and Dr. Brady.

Li

**From:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>
**Sent:** Thursday, August 10, 2023 1:59 PM
**To:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; External- Ritchie Eppink <ritchie@wrest.coop>; Heather
McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>;
dreed@adacounty.id.gov
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D' <akorberg@paulweiss.com>;
Leslie Cooper <LCOOPER@aclu.org>
**Subject:** RE: Draft Stipulation and Proposed Order

Li,

One quick follow-up from our call: the declarations from Dr. Connelly and Dr. Brady say that their
CVs are attached, but we appear to be missing those. Could you send them over?

Thanks,



**Lincoln Davis Wilson | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-809-1077 | W: ag.idaho.gov

# EXHIBIT B

| From: | James Craig |
|---|---|
| To: | Philip May; Rafael Droz |
| Cc: | Li Nowlin-Sohl; dreed@adacounty.id.gov; External- Ritchie Eppink; Heather McCarthy; Eric Stone; Korberg, Alexia D; Leslie Cooper; John Ramer; Brian Barnes; David Thompson; Laura Kauffmann; Chyvonne Tiedemann; Alan Hurst |
| Subject: | RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry |
| Date: | Friday, March 29, 2024 7:37:06 PM |
| Attachments: | image001.png |
| | WPATH - Production Cover Letter 10_3_23.pdf |

Philip,

Thank you for the quick review and response. I want to address two things. First, we are not refusing to provide you with the documents we received in response to the subpoena that we issued to WPATH. As we made clear on the phone, we are happy to provide the documents to you as soon as the Court issues a protective order in this case. Second, to address your suggestion/speculation that the Attorney General's office is acting improperly and may be violating the orders of another case, the WPATH documents were provided to us in response to subpoenas issued in two different cases, both this case and in the Roe case. They were marked confidential by WPATH in accordance with the protective order issued in Roe and in accordance with what all anticipated at the time would be the soon to be issued protective order in Poe. I have attached a copy of the cover letter that was sent to us in response to the subpoenas.

I hope you have a good weekend.

Thanks,

Jim Craig



**James E. M. Craig | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

---

**From:** Philip May <philip.may@groombridgewu.com>
**Sent:** Thursday, March 28, 2024 4:37 PM
**To:** James Craig <James.Craig@ag.idaho.gov>; Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

S.App.0025

Counsel,

Thank you for providing a draft. At this time, we cannot agree to your proposed joint motion and will be opposing your motion to enter a protective order.

Regarding the WPATH production, we have serious concerns regarding your refusal to provide us with the WPATH documents that you have had in your possession since October 3, and which form the apparent basis for the new emergency relief you now plan to request.  If you received those documents from WPATH without a protective order in this case, the fact that we still do not have a protective order in this case provides no basis to deny us access to the documents on an attorneys' eyes basis.  To the extent you are relying on a protective order from a different case or to the extent you received the WPATH documents *in* a different case—presumably the *Roe v. Critchfield* you referenced on our call—such use here would be improper under the terms of the *Roe* protective order, which makes clear that "[u]se of any information or documents labeled 'Confidential' and subject to this Protective Order, including all information derived therefrom, **shall be restricted solely to the litigation of this case** and **shall not be used by any party for any other purpose**." Stipulated Protective Order, *Roe v. Critchfield*, No. 23-cv-315-DCN, D.I. 46-1, ¶ 1 (D. Idaho Aug. 22, 2023) (emphases added).

We again request that the AG make immediate production of the documents in its possession from WPATH, notice of the existence of which you only provided us with this week.  The delay here is particularly inexcusable and prejudicial given the fact that you informed us on our March 27 meet and confer that the ***reason*** that half a year has elapsed between your receipt of the WPATH documents on October 3 to now, when you plan to file a motion to dissolve the preliminary injunction based on those documents, is because it took you that long to review the WPATH production in light of how voluminous it is.  It stands to reason that it would take Plaintiffs a similar length of time to review the very same materials.

Regards,
Philip


Philip S. May
**Groombridge, Wu, Baughman & Stone LLP**
801 17th St NW, Suite 1050
Washington, DC 20006
202-539-6620 (O) | 202-577-2199 (M)
philip.may@groombridgewu.com
*Pronouns: He/Him/His*

---

**From:** James Craig <James.Craig@ag.idaho.gov>
**Sent:** Wednesday, March 27, 2024 10:33 PM

**To:** Philip May <philip.may@groombridgewu.com>; Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffman <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

October 3, 2023



### James E. M. Craig | Division Chief
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

---

**From:** Philip May <philip.may@groombridgewu.com>
**Sent:** Wednesday, March 27, 2024 8:13 PM
**To:** James Craig <James.Craig@ag.idaho.gov>; Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffman <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Counsel,

We will review. During our call today you agreed to provide along with this proposal an identification of the date on which you received production from WPATH. Please promptly provide that date.

Regards,
Philip

Philip S. May
**Groombridge, Wu, Baughman & Stone LLP**
801 17th St NW, Suite 1050
Washington, DC 20006
202-539-6620 (O) | 202-577-2199 (M)
philip.may@groombridgewu.com

*Pronouns: He/Him/His*

---

**From:** James Craig <James.Craig@ag.idaho.gov>
**Sent:** Wednesday, March 27, 2024 9:09 PM
**To:** Philip May <philip.may@groombridgewu.com>; Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Counsel,

Thank you for the productive call this afternoon.  As discussed, I've attached a revised draft Joint Motion for Protective Order adding in language addressing the Court's authority to issue the protective order despite the stay of proceedings.  While we hope that we can file this as either a joint motion or as an unopposed motion should you not want to sign a joint motion, if we cannot agree to language, we will be filing a motion for the protective order on our own by the end of the week.

I look forward to hearing from you regarding this draft.

Thank you,

Jim Craig



**James E. M. Craig | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

---

**From:** Philip May <philip.may@groombridgewu.com>
**Sent:** Wednesday, March 27, 2024 9:37 AM
**To:** Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann

4

<Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; James Craig <James.Craig@ag.idaho.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>

**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Rafael,

We can use the below dial-in information for the call at 2:30pm MT/4:30pm ET:

Dial in: +1 (650) 276-7076
Passcode: 6728860#

Regards,
Philip


Philip S. May

**Groombridge, Wu, Baughman & Stone LLP**

801 17th St NW, Suite 1050
Washington, DC 20006
202-539-6620 (O) | 202-577-2199 (M)
philip.may@groombridgewu.com
*Pronouns: He/Him/His*


---

**From:** Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Sent:** Tuesday, March 26, 2024 7:18 PM
**To:** Philip May <philip.may@groombridgewu.com>
**Cc:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; James Craig <James.Craig@ag.idaho.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** Re: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

We will provide the documents to you as soon as a protective order is in place. The documents were provided to us with the expectation that one would be in place.
We are available for a call at 2:30 MT/4:30 ET.
Regards
Rafael
Sent from my iPhone

On Mar 26, 2024, at 16:54, Philip May <philip.may@groombridgewu.com> wrote:


Counsel,

Please immediately produce any and all documents you have received pursuant to any subpoenas served and identify when WPATH produced them to you.

We are also not clear that the Court can entertain a motion to enter a protective order while the case is stayed.  We think it may be helpful to arrange a call to discuss the procedural issues here.  We are free tomorrow at 2:30pm MT/4:30pm ET.  Please let us know if you are available then and we can circulate a dial-in.


Regards,
Philip


Philip S. May

**Groombridge, Wu, Baughman & Stone LLP**
801 17th St NW, Suite 1050
Washington, DC 20006
202-539-6620 (O) | 202-577-2199 (M)
philip.may@groombridgewu.com
*Pronouns: He/Him/His*

---

**From:** Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Sent:** Tuesday, March 26, 2024 3:57 PM
**To:** Philip May <philip.may@groombridgewu.com>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; James Craig <James.Craig@ag.idaho.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Thanks for getting back to me.  As you may recall, the State served a subpoena on WPATH and it intends to use some of those documents in connection with a sealed motion to dissolve the preliminary injunction.

S.App.0030

Can we add your signature to the Stipulated Protective Order and Joint Motion previously sent, or would you prefer the papers be filed as an unopposed motion with a representation to the court that the parties have agreed to the form and contents of the protective order?

Please let me know as soon as possible.  Thank you.

Rafael

<image001.png>     **Rafael J. Droz | Deputy Attorney General**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-334-4139 | W: ag.idaho.gov

---

**From:** Philip May <philip.may@groombridgewu.com>
**Sent:** Tuesday, March 26, 2024 11:02 AM
**To:** Rafael Droz <Rafael.Droz@ag.idaho.gov>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; James Craig <James.Craig@ag.idaho.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Counsel,

We are not opposed to the entry of the protective order as our correspondence below reflects. We are, however, confused as to why you are seeking to enter this protective order right now given that proceedings at the district court are presently stayed on the basis of your interlocutory appeal to the Ninth Circuit.

Can you explain why this needs to be filed right now with such urgency?

Regards,
Philip

Philip S. May
**Groombridge, Wu, Baughman & Stone LLP**

S.App.0031

801 17th St NW, Suite 1050
Washington, DC 20006
202-539-6620 (O) | 202-577-2199 (M)
philip.may@groombridgewu.com
*Pronouns: He/Him/His*

---

**From:** Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Sent:** Tuesday, March 26, 2024 11:24 AM
**To:** Philip May <philip.may@groombridgewu.com>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>; James Craig <James.Craig@ag.idaho.gov>; Alan Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Counsel,

I'm just following up on my email from last week regarding the protective order – I have not received any response from Plaintiffs' counsel. If we do not receive an executed stipulation and joint motion by noon mountain time, Defendants will file a motion for entry of a protective order based upon the prior stipulated agreement. If you are not planning on sending back an executed stipulation and joint motion, please let me know if you will oppose Defendants' motion. Thank you.

Rafael

<image001.png>    **Rafael J. Droz | Deputy Attorney General**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-334-4139 | W: ag.idaho.gov

---

**From:** Rafael Droz
**Sent:** Thursday, March 21, 2024 10:41 AM
**To:** Philip May <philip.may@groombridgewu.com>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; akorberg

<akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer
<jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David
Thompson <dthompson@cooperkirk.com>; Laura Kauffmann
<Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann
<ctiedemann@adacounty.id.gov>; James Craig <James.Craig@ag.idaho.gov>; Alan
Hurst <Alan.Hurst@ag.idaho.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Counsel,

I recently discovered that we failed to follow up on the email below regarding filing
the protective order previously agreed to. Please review the attached. If
acceptable, please execute the joint motion and the stipulated protective order
and we will get this filed right away. I apologize for the oversight.

Regards,

Rafael

<image001.png>      **Rafael J. Droz | Deputy Attorney General**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-334-4139 | W: ag.idaho.gov

---

**From:** Philip May <philip.may@groombridgewu.com>
**Sent:** Wednesday, September 27, 2023 11:56 AM
**To:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>; Rafael Droz
<Rafael.Droz@ag.idaho.gov>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>;
dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather
McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; akorberg
<akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer
<jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David
Thompson <dthompson@cooperkirk.com>; Laura Kauffmann
<Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann
<ctiedemann@adacounty.id.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Lincoln,

We are fine with your revisions. Will you handle filing or would you like us to?

Regards,
Philip

S.App.0033

Philip S. May

**Groombridge, Wu, Baughman & Stone LLP**

801 17th St NW, Suite 1050

Washington, DC 20006

202-539-6620 (O) | 202-577-2199 (M)

philip.may@groombridgewu.com

*Pronouns: He/Him/His*

---

**From:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>
**Sent:** Tuesday, September 19, 2023 1:01 PM
**To:** Philip May <philip.may@groombridgewu.com>; Rafael Droz <Rafael.Droz@ag.idaho.gov>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D' <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Hi Phillip,

Attached is a proposed mark-up of the protective order that accepts your changes and adds just a few more. As discussed, we've tried to impose a clear limit on the "highly confidential" category so that it is only used for designations necessary to preserve your clients' anonymity. And to Rafael's point, we've removed the reference to "attorney eyes only" because it suggests that only attorneys may review when in fact (as you note), the highly confidential designation just limits client access without regard to attorney access, per paragraph 9.

If these changes are acceptable to you, I think we can get this filed. Thanks for working with us on this.

<image001.png>     **Lincoln Davis Wilson | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-809-1077 | W: ag.idaho.gov

S.App.0034

**From:** Philip May <philip.may@groombridgewu.com>
**Sent:** Monday, September 18, 2023 5:34 PM
**To:** Rafael Droz <Rafael.Droz@ag.idaho.gov>; Lincoln Wilson
<Lincoln.Wilson@ag.idaho.gov>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>;
dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather
McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D'
<akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer
<jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David
Thompson <dthompson@cooperkirk.com>; Laura Kauffmann
<Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann
<ctiedemann@adacounty.id.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Lincoln and Rafael,

As you'll see from our draft proposal, the category of Highly Confidential material is
already essentially limited to medical records in Paragraph 3(b). If you would like more
specific language, we are willing to consider your edits.

With respect to access for experts to Highly Confidential material, experts who have
signed the necessary undertaking already have such access in our draft. The Highly
Confidential category only precludes access by individuals who fall within Paragraph
8(c) who can otherwise view Confidential material.

Please let us know if you have further edits or comments.

Regards,
Philip


Philip S. May
**Groombridge, Wu, Baughman & Stone LLP**
801 17th St NW, Suite 1050
Washington, DC 20006
202-539-6620 (O) | 202-577-2199 (M)
philip.may@groombridgewu.com
*Pronouns: He/Him/His*

S.App.0035

**Sent:** Friday, September 15, 2023 5:34 PM
**To:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Philip May <philip.may@groombridgewu.com>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D' <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Li,

Regarding the information that does not need to be shared beyond the attorneys, are you referring to the medical information or the plaintiffs' names?  If the former, we may need to share the medical information with the experts.

<image001.png>  **Rafael J. Droz | Deputy Attorney General**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-334-4139 | W: ag.idaho.gov

---

**From:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>
**Sent:** Friday, September 15, 2023 3:22 PM
**To:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Rafael Droz <Rafael.Droz@ag.idaho.gov>; Philip May <philip.may@groombridgewu.com>; dreed@adacounty.id.gov; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D' <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann <ctiedemann@adacounty.id.gov>
**Subject:** Re: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Li, I think we are ok with using the Highly Confidential category for that purpose as long as its use is limited to that purpose. Would you be ok with a modification of the order to that effect?

Get Outlook for iOS

---

**From:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>

S.App.0036

**Sent:** Friday, September 15, 2023 2:59:41 PM
**To:** Rafael Droz <Rafael.Droz@ag.idaho.gov>; Philip May
<philip.may@groombridgewu.com>; dreed@adacounty.id.gov
<dreed@adacounty.id.gov>; External- Ritchie Eppink <ritchie@wrest.coop>; Lincoln
Wilson <Lincoln.Wilson@ag.idaho.gov>; Heather McCarthy
<hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D'
<akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer
<jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David
Thompson <dthompson@cooperkirk.com>; Laura Kauffmann
<Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann
<ctiedemann@adacounty.id.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Rafael,
Given the sensitivity of this issue, we think that the plaintiffs' medical records here
warrant the highly confidential category. This is heightened by the fact that they are
proceeding in pseudonym. This highly sensitive, personal, and confidential information
does not need to be shared beyond the attorneys assigned to this matter. Do you have
concerns about including this category, or about the scope of who has access to this
category? Let us know if it would be helpful to set up a call to discuss.

Li

---

**From:** Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Sent:** Friday, September 15, 2023 7:59 AM
**To:** Philip May <philip.may@groombridgewu.com>; dreed@adacounty.id.gov>; Li
Nowlin-Sohl <lnowlin-sohl@aclu.org>; External- Ritchie Eppink <ritchie@wrest.coop>;
Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>; Heather McCarthy
<hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D'
<akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer
<jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David
Thompson <dthompson@cooperkirk.com>; Laura Kauffmann
<Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann
<ctiedemann@adacounty.id.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Good morning,
I am following up on Lincoln's email below regarding the changes to the proposed
protective order, in particular, the "Highly Confidential" issue.  Please let us know your
thoughts.  Thank you.

Rafael

S.App.0037

<image001.png>  **Rafael J. Droz | Deputy Attorney General**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-334-4139 | W: ag.idaho.gov

---

**From:** Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>
**Sent:** Thursday, September 7, 2023 10:56 AM
**To:** Philip May <philip.may@groombridgewu.com>; dreed@adacounty.id.gov; Rafael
Droz <Rafael.Droz@ag.idaho.gov>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; External-
Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy
<hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D'
<akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; John Ramer
<jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David
Thompson <dthompson@cooperkirk.com>; Laura Kauffmann
<Laura.Kauffmann@ag.idaho.gov>; Chyvonne Tiedemann
<ctiedemann@adacounty.id.gov>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Hi Philip,

Sorry for the crossed wires on the protective order. We are ok with your changes, save
for the addition of the "Highly Confidential" category, which we are not sure is
warranted here. You list medical records as examples of why this category is needed,
but in most cases I've been involved in, ordinary confidentiality has been adequate to
protect that information from public disclosure. Is your concern with preserving the
anonymity of these plaintiffs with respect to our state entity clients? Just want to
understand the thinking on this a little better.

Thank you,

<image001.png>  **Lincoln Davis Wilson | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-809-1077 | W: ag.idaho.gov

---

**From:** Philip May <philip.may@groombridgewu.com>
**Sent:** Wednesday, September 6, 2023 4:38 PM
**To:** dreed@adacounty.id.gov; Rafael Droz <Rafael.Droz@ag.idaho.gov>; Li Nowlin-Sohl
<lnowlin-sohl@aclu.org>; Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>; External-
Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy

S.App.0038

[hmccarthy@adacounty.id.gov](mailto:hmccarthy@adacounty.id.gov)>; Josh Turner <[josh.turner@ag.idaho.gov](mailto:josh.turner@ag.idaho.gov)>
**Cc:** Eric Stone <[eric.stone@groombridgewu.com](mailto:eric.stone@groombridgewu.com)>; 'Korberg, Alexia D'
<[akorberg@paulweiss.com](mailto:akorberg@paulweiss.com)>; Leslie Cooper <[LCOOPER@aclu.org](mailto:LCOOPER@aclu.org)>; John Ramer
<[jramer@cooperkirk.com](mailto:jramer@cooperkirk.com)>; Brian Barnes <[BBarnes@cooperkirk.com](mailto:BBarnes@cooperkirk.com)>; David
Thompson <[dthompson@cooperkirk.com](mailto:dthompson@cooperkirk.com)>; Laura Kauffmann
<[Laura.Kauffmann@ag.idaho.gov](mailto:Laura.Kauffmann@ag.idaho.gov)>; Chyvonne Tiedemann
<[ctiedemann@adacounty.id.gov](mailto:ctiedemann@adacounty.id.gov)>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

Rafael,

Lincoln had previously circulated a proposed protective order. We provided edits for
your consideration and had not heard back. For everyone's convenience I am
reattaching our edits here.

Please let us know if you have any edits to what we had previously proposed.

Regards,
Philip


Philip S. May
**Groombridge, Wu, Baughman & Stone LLP**
801 17th St NW, Suite 1050
Washington, DC 20006
202-539-6620 (O) | 202-577-2199 (M)
[philip.may@groombridgewu.com](mailto:philip.may@groombridgewu.com)
*Pronouns: He/Him/His*

---

**From:** Dayton Reed <[dreed@adacounty.id.gov](mailto:dreed@adacounty.id.gov)>
**Sent:** Wednesday, September 6, 2023 5:05 PM
**To:** Rafael Droz <[Rafael.Droz@ag.idaho.gov](mailto:Rafael.Droz@ag.idaho.gov)>; Li Nowlin-Sohl <[lnowlin-sohl@aclu.org](mailto:lnowlin-sohl@aclu.org)>;
Lincoln Wilson <[Lincoln.Wilson@ag.idaho.gov](mailto:Lincoln.Wilson@ag.idaho.gov)>; External- Ritchie Eppink
<[ritchie@wrest.coop](mailto:ritchie@wrest.coop)>; Heather McCarthy <[hmccarthy@adacounty.id.gov](mailto:hmccarthy@adacounty.id.gov)>; Josh
Turner <[josh.turner@ag.idaho.gov](mailto:josh.turner@ag.idaho.gov)>
**Cc:** Eric Stone <[eric.stone@groombridgewu.com](mailto:eric.stone@groombridgewu.com)>; 'Korberg, Alexia D'
<[akorberg@paulweiss.com](mailto:akorberg@paulweiss.com)>; Leslie Cooper <[LCOOPER@aclu.org](mailto:LCOOPER@aclu.org)>; Philip May
<[philip.may@groombridgewu.com](mailto:philip.may@groombridgewu.com)>; John Ramer <[jramer@cooperkirk.com](mailto:jramer@cooperkirk.com)>; Brian
Barnes <[BBarnes@cooperkirk.com](mailto:BBarnes@cooperkirk.com)>; David Thompson <[dthompson@cooperkirk.com](mailto:dthompson@cooperkirk.com)>;
Laura Kauffmann <[Laura.Kauffmann@ag.idaho.gov](mailto:Laura.Kauffmann@ag.idaho.gov)>; Chyvonne Tiedemann
<[ctiedemann@adacounty.id.gov](mailto:ctiedemann@adacounty.id.gov)>
**Subject:** RE: Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

S.App.0039

Feel free to add my /s/. Thanks.

Dayton P. Reed
Deputy Prosecuting Attorney, Civil Division
Ada County Prosecuting Attorney's Office
200 W. Front Street
Boise, Idaho  83702
(208) 287-7700

CONFIDENTIALITY NOTICE:  This electronic mail message and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law.  If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information may be subject to legal restriction or sanction.  Please notify the sender, by electronic mail or telephone at (208) 287-7700, of any unintended recipients and delete the original message without making any copies.

---

**From:** Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Sent:** Wednesday, September 6, 2023 2:42 PM
**To:** Li Nowlin-Sohl <lnowlin-sohl@aclu.org>; Lincoln Wilson <Lincoln.Wilson@ag.idaho.gov>; External- Ritchie Eppink <ritchie@wrest.coop>; Heather McCarthy <hmccarthy@adacounty.id.gov>; Josh Turner <josh.turner@ag.idaho.gov>; Dayton Reed <dreed@adacounty.id.gov>
**Cc:** Eric Stone <eric.stone@groombridgewu.com>; 'Korberg, Alexia D' <akorberg@paulweiss.com>; Leslie Cooper <LCOOPER@aclu.org>; Philip May <philip.may@groombridgewu.com>; John Ramer <jramer@cooperkirk.com>; Brian Barnes <BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Laura Kauffmann <Laura.Kauffmann@ag.idaho.gov>
**Subject:** [EXTERNAL] Poe: Proposed Stipulated Protective Order & Joint Motion for Entry

> **CAUTION:** This email originated from outside Ada County email servers. Do not click on links or open attachments unless you recognize the sender and know the content is safe. Verify the sender by mouse-hovering over their display name in order to see the sender's full email address and confirm it is not suspicious. If you are unsure an email is safe, please report the email by using the 'Phish Alert' button in Outlook.

All,

I have attached a draft of a proposed stipulated protective order and a draft of a proposed joint motion to have it entered as an order of the court.
Please review and let me know if any comments or changes.  Once approved with signatures, we will arrange to have them filed.

S.App.0040

Thank you.

Rafael

<image001.png>      **Rafael J. Droz** | Deputy Attorney General
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
M: 208-334-4139 | W: ag.idaho.gov

**NOTICE:** This message, including any attachments, is intended only for the individual(s) or entity(ies) named above and may contain information that is confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, please reply to the sender that you have received this transmission in error, and then please delete this email.

This message is intended only for the use of the addressee and may contain confidential and privileged information. Any review, use, or dissemination by anyone other than the addressee is strictly prohibited. If you received this message in error, please notify us and delete all copies of this message.

This message is intended only for the use of the addressee and may contain confidential and privileged information. Any review, use, or dissemination by anyone other than the addressee is strictly prohibited. If you received this message in error, please notify us and delete all copies of this message.

This message is intended only for the use of the addressee and may contain confidential and privileged information. Any review, use, or dissemination by anyone other than the addressee is strictly prohibited. If you received this message in error, please notify us and delete all copies of this message.

This message is intended only for the use of the addressee and may contain confidential and privileged information. Any review, use, or dissemination by anyone other than the addressee is strictly prohibited. If you received this message in error, please notify us and delete all copies of this message.

This message is intended only for the use of the addressee and may contain confidential and privileged information. Any review, use, or dissemination by anyone other than the addressee is strictly prohibited. If you received this message in error, please notify us and delete all copies of this message.

This message is intended only for the use of the addressee and may contain confidential and privileged information. Any review, use, or dissemination by anyone other than the addressee is strictly prohibited. If you received this message in error, please notify us and delete all copies of this message.

# EXHIBIT C

| | |
|---|---|
| **From:** | James Craig |
| **To:** | Marci Smith; Ritchie Eppink |
| **Cc:** | Li Nowlin-Sohl; dreed@adacounty.id.gov; Heather McCarthy; Eric Stone; Korberg, Alexia D; lcooper_aclu.org; John Ramer; Brian Barnes; David Thompson; Chyvonne Tiedemann; Philip May; Rafael Droz |
| **Subject:** | RE: Poe v. Labrador - Mtn for Protective Order, Request for Expedited Briefing Schedule |
| **Date:** | Wednesday, April 3, 2024 5:26:37 PM |
| **Attachments:** | image001.png |

Marci,

Thank you for letting us know.

Jim



**James E. M. Craig | Division Chief**
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

---

**From:** Marci Smith <Marci_Smith@id.uscourts.gov>
**Sent:** Wednesday, April 3, 2024 2:01 PM
**To:** Ritchie Eppink <ritchie@wrest.coop>
**Cc:** James Craig <James.Craig@ag.idaho.gov>; Li Nowlin-Sohl <lnowlin-sohl@aclu.org>;
dreed@adacounty.id.gov; Heather McCarthy <hmccarthy@adacounty.id.gov>; Eric Stone
<eric.stone@groombridgewu.com>; Korberg, Alexia D <akorberg@paulweiss.com>; lcooper_aclu.org
<lcooper@aclu.org>; John Ramer <jramer@cooperkirk.com>; Brian Barnes
<BBarnes@cooperkirk.com>; David Thompson <dthompson@cooperkirk.com>; Chyvonne
Tiedemann <ctiedemann@adacounty.id.gov>; Philip May <philip.may@groombridgewu.com>;
Rafael Droz <Rafael.Droz@ag.idaho.gov>
**Subject:** Re: Poe v. Labrador - Mtn for Protective Order, Request for Expedited Briefing Schedule

Good afternoon all,

I apologize for the delayed response. Judge Winmill is aware of the motion and has decided
against an expedited briefing schedule. He has signed an order to that effect which will be
docketed late today.

Best,

Marci

Sent from my iPhone

S.App.0043

On Apr 3, 2024, at 1:36 PM, Ritchie Eppink <ritchie@wrest.coop> wrote:

**CAUTION - EXTERNAL:**

Dear Marci,

Please note that Plaintiffs plan to oppose the motion and oppose an expedited briefing schedule.

The evidence to which Mr. Craig refers was provided to the Attorney General's office in response to a subpoena six months ago, on October 3, 2023.  That was three weeks before the Attorney General filed its final brief opposing Plaintiffs' motion for a preliminary injunction, and more than a month before the Court held a hearing on the motion. Further, last week was the first time that the Attorney General's office advised Plaintiffs that any documents had been produced in response to the Attorney General's subpoena.

Thank you for your kind attention to this matter.

Yours respectfully,

**Ritchie Eppink
Attorney
all pronouns
W/REST Collective
812 West Franklin Street
Boise, Idaho 83702
(208) 371-9752 Signal | phone
www.wrest.coop**

On 4/3/24 08:26, James Craig wrote:

> Marci,
>
> As I'm sure you're aware, in the Poe v. Labrador case, Case. No. 1:23-cv-00269-BLW, on Friday evening, the Attorney General filed a motion for entry of a protective order.  I wanted to bring to your attention that as part of the motion, we included a request for an expedited briefing schedule.  It is our hope to be able to have a protective order entered as soon as possible so that we can then file as soon as possible a motion to dissolve or stay the preliminary injunction based upon new evidence, including evidence that was provided to us in response to a subpoena with the understanding that there would be a protective order in place.

S.App.0044

Please let me know if you have any questions, or need any additional information.

Thank you,

Jim Craig

<image001.png>  James E. M. Craig | Division Chief
Civil Litigation and Constitutional Defense
Office of the Attorney General | State of Idaho
O: 208-854-8088 | W: ag.idaho.gov

**NOTICE:** This message, including any attachments, is intended only for the individual(s) or entity(ies) named above and may contain information that is confidential, privileged, attorney work product, or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, please reply to the sender that you have received this transmission in error, and then please delete this email.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary.**

**Exercise caution when opening attachments or clicking on links.**

This message is intended only for the use of the addressee and may contain confidential and privileged information. Any review, use, or dissemination by anyone other than the addressee is strictly prohibited. If you received this message in error, please notify us and delete all copies of this message.

S.App.0045

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| **BRIANNA BOE**, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:22-cv-184-LCB** |
| | ) | |
| **STEVE MARSHALL**, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

For good cause shown, the Court **GRANTS** the following motions:

(1)    Defendants' Unopposed Motion for Leave to Substitute Summary Judgement Motion and Evidentiary Submissions on the Public Docket (Doc. 575);

(2)    Plaintiff-Intervenor United States of America's Unopposed Motion for Excess Pages (Doc. 586);

(3)    Plaintiff-Intervenor United States of America's Unopposed Motion for Leave to File Under Seal Unredacted Motion to Exclude and Brief and Evidentiary Submissions in Support (Doc. 587);

(4)    Defendants' Motion for Leave to File Under Seal Unredacted Motions to Exclude Expert Testimony and Evidentiary Submissions in Support (Doc. 588);

S.App.0046

(5)  Plaintiff-Intervenor United States of America's Motion for Extension of Time to Complete Filing Under Seal the Unredacted Motion to Exclude and Brief and Evidentiary Submissions in Support (Doc. 603); and

(6)  Private Plaintiffs' Unopposed Motion for Leave to File Under Seal Unredacted Motion to Exclude Certain Testimony (Doc. 610).

**DONE** and **ORDERED** this June 26, 2024.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

2

1      IN THE COURT OF COMMON PLEAS OF FRANKLIN COUNTY, OHIO

2                          CIVIL DIVISION

3                             - - -

4
       MADELINE MOE, GINA GOE,      :
5      GARRET GOE, GRACE GOE,
       MICHELLE MOE, MICHAEL        :    Case No. 24CV-2481
6      MOE,,
                                    :
7           Plaintiffs,
                                    :
8        vs.
                                    :
9      DAVID YOST, STATE OF
       OHIO, STATE MEDICAL          :
10     BOARD OF OHIO,
                                    :
11          Defendants.

12                             - - -

13                  TRANSCRIPT OF PROCEEDINGS

14     Before the Honorable Michael Holbrook, Judge, on

15     Thursday, July 18, 2024.

16                             - - -

       APPEARANCES:
17
          Mr. David Carey, Ms. Freda Levenson, Harper Seldin,
18        and Miranda Hooker
           Attorneys at Law,
19
              On behalf of the Plaintiffs.
20
          Mr. Erik Clark, Ms. Amanda Narog, L.M. Cordero, and
21        Steve Oldham,
          Attorneys at Law,
22
              On behalf of the Defendants.
23

24                             - - -

25

2

1                        **INDEX TO THE PROCEEDINGS**

2                              - - -

3    Voir dire of Ms. Reed by Mr. Seldin        169

4                        **INDEX TO THE WITNESSES**

5                              - - -

6

7      **CALLED BY THE DEFENDANT:**                      **Page**

8

     **DR. JAMES MICHAEL CANTOR**
9        Continued Direct Examination by             3
         Ms. Narog
10       Cross-Examination by Ms. Hooker            25

11   **DR. STEPHEN LEVINE**
         Direct Examination by Ms. Narog           57
12       Cross-Examination by Ms. Cooper          105
         Redirect Examination by Ms. Narog        146
13
     **JAMIE REED**
14       Direct Examination by Mr. Clark          151
         Resumed Direct Examination by            181
15       Mr. Clark
         Cross-Examination by Mr. Seldin          223
16

17                            - - -

18

19

20

21

22

23

24

25

32

1      about treatment, that would be accurate.  If the

2      questions were about research about the population

3      more broadly, then that would not be accurate.

4             The studies that I participated in were

5      about, for example, demographic changes over time,

6      and not responses to treatment.

7         Q.  Okay.  My question was about treatment.

8      So your answer is "no"?

9         A.  I don't recall any of the studies being

10     specific to treatment, no.

11        Q.  Most of your published research is in the

12     area of pedophilia; is that right?

13        A.  Of the research that I myself have

14     conducted, the largest and the best known have

15     been about pedophilia and related phenomena, yes.

16        Q.  You have a Twitter account with the

17     handle @jamescantorphd, correct?

18        A.  Yes.

19             MS. NAROG:  Your Honor, may I approach?

20             THE COURT:  You may.  Just show the other

21     side what you're bringing.

22             Do you have them marked?

23             MS. NAROG:  I do.

24             THE COURT:  This is exhibit what again?

25             MS. NAROG:  I'm not entering it as an

```
 1    exhibit.

 2            THE COURT:  Huh?

 3            MS. NAROG:  I'm not using it as an

 4    exhibit.

 5            THE COURT:  Then you --

 6            MS. NAROG:  I'm showing it to the

 7    witness.

 8            THE COURT:  You're using it as an

 9    exhibit.  We'll mark it.

10            MS. NAROG:  Okay.

11            THE COURT:  Let's identify it.

12            MS. NAROG:  What's the last number of

13    Plaintiffs' exhibits?

14            MS. ROSNER:  It's going to be 28.

15    BY MS. NAROG:

16        Q.  All right.  I'm going to show you

17    Plaintiffs' Exhibit 28, Dr. Cantor.

18            In 2018, you tweeted that you believed

19    "P," representing pedophilias, should be included

20    in the LGBTQ cause, correct?

21        A.  Yes and no.  The -- one can't really

22    understand this without the 20 e-mails that it was

23    in response to, and it is exactly because I'm an

24    expert in pedophilia that I get involved in these

25    kinds of conversations.
```

1          The rest of the conversation and, of

2     course, the context of this was in -- was in

3     telling the audience in this particular

4     conversation about the difference between

5     pedophilia, which is a sexual interest pattern,

6     versus child molestation, the actual crime, you

7     know, for which the legal system we need to

8     actually, you know, act appropriately.

9          As a researcher studying the causes of

10    sex interest patterns, I'm pointing out that

11    people are not responsible for what they're

12    attracted to.  They are responsible for their

13    behavior.

14          So this was a part of the conversation

15    that, you know -- that once we had determined --

16    and it was, of course, my own research that has

17    determined that pedophilia is a brain phenomenon

18    that people did not pick and cannot change, for

19    that part, they are blameless.  And, of course, I

20    was separating it from the behavior.

21          Therefore, they are just as blameless for

22    what their attractions are as anybody else is.

23    Q.   And I'm not trying to take this out of

24    context.

25          So the tweet that you're responding to

1    states:  "To LGBTQs, I have no desire to link P

2    with your cause and understand why you don't the

3    idea.  It doesn't help you with your legitimate

4    goals.  But there are key parallels in the

5    science, and there's no way to avoid them if you

6    want to explain pedophilia."

7          And you responded:  "Speaking as a gay

8    man, I believe we SHOULD" -- in capital letters --

9    "include the P to do otherwise to betray

10   principles that give us our rights."

11         Is that a correct reading of this

12   document?

13      A.   No, not without the person that the two

14   of us are responding to.  I wasn't responding to

15   Ethan, and Ethan wasn't responding to me.

16         The two of us were responding to the

17   tweets that came before this.

18         Ethan is the founder of a fascinating

19   group where -- I don't want to say "pedophile

20   community."  They're not exactly a community.

21         But there have been, of course, many

22   different groups of people who are attracted to

23   children, some of which are quite ethically

24   dubious.  And they're only interest is in, for

25   example, lowering ages of consent or -- or in, you

1    know, facilitating the opportunity for adults to

2    interact sexually with children.

3         Cekubate Pedophiles is -- was one of the

4    first groups that did the opposite.  They

5    simultaneously acknowledged, you know, any such

6    interaction as a danger to the child, but that,

7    you know, pedophiles themselves, you know -- they,

8    you know, need and deserve, you know, support for

9    dealing with a situation they didn't ask for and

10   couldn't change.

11        So the two of us were talking -- talking

12   to people who were, in turn, talking about the

13   ever-lengthening group of gay community, gay and

14   lesbian community, lesbian/gay communities, which

15   become LGB, LGBT, LGBTT2QQIA -- I'm not making

16   that one up.

17        And so, it was in the list.  Now, as a

18   sex researcher and expert in -- the entire range

19   of sexualities was pointing out, well, what

20   exactly does it mean to be in this list in the

21   first place?

22        As a scientist with absolutely no

23   political agenda for this, to me, the list was,

24   well, you belong in there if you're blameless for

25   whatever the attraction pattern was, and that

37

1    includes pedophilia.  Therefore, if we don't

2    include pedophilia, we are, as I said here,

3    denying the very principle that gives it to

4    regular and everyday gay people, including myself.

5        Q.  And my question was:  Did I read the

6    words on that page correctly?

7        A.  Uh, was that done?

8        Q.  I don't need to read it into the record

9    again.  I'll move on.

10        You would agree that every scientific

11    study has limitations, correct?

12        A.  Yes.

13        Q.  And you were asked questions, yesterday,

14    about the Pasternack review.  You got your own

15    translation of that review, correct?

16        A.  That is correct.

17        Q.  Where did you get that review?

18        A.  At different parts of my knowledge of

19    what was going on.  It came from different --

20    different places.  The original ones, of course,

21    never circulated.  And I know the scientists

22    themselves.  And we get together at conferences.

23        And, you know, the basic conclusion of

24    it -- especially, because the basic conclusion of

25    it was the same as everything else we had known,

42

```
1      to get better view of what she's got.
2               THE WITNESS:  Actually, with my old eyes,
3      it's easier for me to see it from a distance.
4               THE COURT:  Okay.
5      BY MS. HOOKER
6        Q.  I'd like to ask you some questions about
7      WPATH's SOC-8 recommendations for adolescents, the
8      population affected by the Ohio law at issue here.
9               Under SOC-8, no medical interventions are
10     recommended for minors without first undergoing a
11     comprehensive biopsychosocial evaluation, right?
12       A.  And I'm sorry.  Which version is this?
13               After it was initially released, they
14     changed it and rereleased it.
15       Q.  This is Defendant's Exhibit CC; it's
16     version 8.
17               THE COURT:  He's asking which version
18     this is.
19               MS. NAROG:  Well, do you have a hard
20     copy?
21               MS. NAROG:  Yes, he has a copy in his
22     book.
23               MS. NAROG:  You have a hard copy in your
24     binder.
25               THE WITNESS:  What's that?
```

43

1      MS. NAROG:  Defendant's Exhibit CC.

2      MS. NAROG:  It's in the second book.

3      THE WITNESS:  Oh, okay.  Thank you.

4      MS. NAROG:  I'm going to go ahead and ask

5  Ms. Krsulich to move to your section 6.3, page 53

6  of this document.

7      THE COURT:  Wants you to go to page 53.

8      THE WITNESS:  I'm there.

9  BY MS. NAROG:

10     Q.  Dr. Cantor, section 6.3 of SOC-8 says the

11  following:

12     "Given this research and the ongoing

13  evolution of gender diverse experiences in

14  society, a comprehensive diagnostic

15  biopsychosocial assessment during adolescence is

16  both evidence-based and preserves the integrity of

17  the decision-making process.  In the absence of a

18  full diagnostic profile, other mental health

19  entities that need to be prioritized and treated

20  may not be detected."

21     "They are no studies of the long-term

22  outcomes of gender-related medical treatments for

23  youth who have not undergone a comprehensive

24  assessment.  Treatment in this context, e.g., with

25  limited or no assessment, has no empirical support

44

1  and therefore carries the risk that the discussion

2  to start gender-affirming medical interventions

3  may not be in the long-term best interest of the

4  young person at the time."

5          This part of WPATH's SOC-8

6  recommendations is for adolescent care, correct?

7      A.  It appears to be, yes.

8      Q.  And you talked about adolescent females

9  with late-onset gender dysphoria being a different

10 population than the prior population of minors

11 with gender dysphoria, were mainly prepubertal

12 boys, correct?

13     A.  The -- really, when I said "late onset,"

14 again, typically those are middle-aged people and

15 are practically always biological males.  They're

16 different from the adolescent onset or child onset

17 cases.

18         MS. HOOKER:  Ms. Krsulich, can you please

19 move to the next page.

20         THE COURT:  Are you doing okay, Ebony?

21         MS. HOOKER:  Just give me one moment,

22 please.

23 BY MS. HOOKER:

24     Q.  Okay.  SOC-8 recommends the following:

25         "In some cases, a more extended

45

```
 1    assessment process may be useful, such as for
 2    youth with more complex presentations (e.g.,
 3    complicated mental health histories), co-occurring
 4    autism spectrum characteristics, and/or an absence
 5    of experienced childhood gender incongruence"; is
 6    that correct?
 7         A.  You --
 8         Q.  Did I read that correctly?
 9         A.   You referred to that as a recommendation,
10    which is not correct.  The recommendations are --
11    you know, have a specific technical meaning
12    with -- inside a clinical practice document.  That
13    sentence is not part of that recommendation.  This
14    is --
15         Q.  Did I read that sentence correctly?
16         A.  You read the sentence itself correctly,
17    although it's difficult to understand the context
18    of the sentence without, you know, also
19    understanding other passages elsewhere in the
20    document.
21         Q.  Section 6.12.b, includes the following:
22              "Given potential shifts in gender-related
23    experiences and needs during adolescence, it is
24    important to establish that young persons have
25    experienced several years of persistent gender
```

1   diversity/incongruence prior to initiating less

2   reversal treatments such as gender-affirming

3   hormones and surgeries."

4          Did I read that correctly?

5   A.   The text is read correctly.  But the --

6   again, there's -- the problem with it is that it,

7   by itself, leaves so much open to interpretation,

8   and it's -- from the point of view of somebody who

9   knows the literature that it's talking about, it

10  misrepresents the literature that it's talking

11  about.

12         MS. NAROG:  You can take that down,

13  Ms. Krsulich.

14  BY MS. NAROG:

15  Q.   You don't have any personal knowledge of

16  how Ohio medical practitioners either gate keep or

17  don't gate keep in the provision of

18  gender-affirming care to transgender adolescents,

19  correct?

20  A.   That is correct.  The whole basis of

21  science is to identify the universal principals.

22  It's like asking whether a scientist has any

23  specific knowledge of gravity works differently in

24  Ohio than some place else.  There's no reason to

25  suspect it would different.  One uses in science

1   what's called "null hypothesis testing."  We

2   assume it's the same until there's evidence of

3   difference, not vice versa.

4       Q.  You don't know if there are doctors in

5   Ohio whose practices conform to what you've

6   described as "transition on demand," correct?

7       A.  I keep notes when large cases hit the

8   media.  I would have to check my notes if any were

9   in Ohio.

10      Q.  And you were deposed in this case,

11  correct?

12      A.  Yes.

13      Q.  And do you recall in that case being

14  asked, "Are you aware of any physician in Ohio

15  that are providing transition on demand?"

16          And you answered, "Oh, even if there are,

17  I'd be surprised they used that term"?

18      A.  Yes, that all sounds true.

19          MS. NAROG:  Can you actually pull up the

20  testimony?  Refresh --

21          THE COURT:  He said it's true.

22  BY MS. NAROG:

23      Q.  You continued the question:  "Even if

24  they don't use the term 'transition on demand,'

25  are you aware of any physicians in Ohio whose